## JOHNSON *v.* COLLINS.

| 98 | 271 |
| 104 | 809 |

| 98 | 271 |
| 111 | 150 |

The plaintiff's declaration showing that she received personal injuries in consequence of her landlord's negligence in failing to repair the rented premises, and it not appearing from the allegations of the declaration that she herself was guilty of such negligence (if any) as would entirely defeat her right to recover, it was error to sustain a general demurrer to the declaration. The question whether or not, under the circumstances stated in the declaration, she could, by the exercise of ordinary care, have avoided the injuries complained of, was one of fact for the jury, and not one for determination by the court.

*Lumpkin, J.,* dissenting.

March 30, 1896.   Argued at the last term.

Action for damages.   Before Judge Ross.   City court of Macon.   March term, 1895.

Sarah Johnson sued Mrs Appleton Collins for damages, and her petition was dismissed on general demurrer.   She alleged, that several years ago she entered into a contract with the agent of defendant for the rent of a room in a house in Macon, the property of defendant.   She continued to occupy a room in the house, paying rent constantly and

promptly, without special cause for complaint, though the same was frequently in need of repairs, until the latter part of 1893, when the steps leading into said room became so badly decayed and broken, that she requested R. S. Collins, rental agent of defendant, through himself or his employees, to repair said steps, notifying him that they were badly decayed and sadly in need of repairs. She was thereupon informed by him, or one of his employees, that the needed repairs would be made; but they were not made; and afterwards she gave frequent notice to him of the condition of the steps, requesting almost every month, for several months, that the repairs be made, but though promises were constantly made that it should be done immediately, yet on only one occasion was any attempt made to repair the steps, by authority either of defendant or her agent. On this occasion a negro man, whom she supposed to have been employed by defendant, was engaged in doing some work on a building near by, and on his attention being called to the condition of the steps, he stated that he had been ordered to make general repairs on the buildings in that locality. He then insecurely nailed said steps to the door-sill, the same being entirely insufficient to hold them, and only keeping them in position for a short while. Shortly after this, by reason of continued and necessary use of the steps in going to and from the room, they again became insecure, and finally, one of the steps becoming inadequate by reason of decay, plaintiff was compelled to have her son provide a support for the steps by nailing them to a stick of wood placed upright beneath them. From that time on she continued to give frequent notice of their condition, requesting each time that they be properly repaired, and was constantly led to believe, by promises held out to her, that the work should be done. These promises were never fulfilled, and no further repairs were made upon the steps. In July, 1894, while she was descending them, they suddenly gave way beneath her

and threw her violently to the ground, producing certain
described injuries. Said steps were the only available
means of going in or out of the room, and she used all pos-
sible care in endeavoring to keep the same safe and useful,
by using temporary supports and otherwise, constantly ex-
pecting that the promises to repair would be fulfilled. Al-
though she knew the steps had been out of repair for some
time, she had no reason to believe them dangerous, suppos-
ing that the props which she and her son had used to support
them would be sufficient. Then followed allegations as to
the damages sustained by reason of the injuries.

R. L. Anderson, for plaintiff.
J. R. L. Smith, for defendant.

ATKINSON, Justice.

The official report states the facts.

1. It will be observed that the plaintiff alleges in her
declaration, that although the steps were out of repair and
she had known this for some time, she had no reason to
suppose their use would be dangerous, but did suppose that
the props which she and her son had used would be suf-
ficient. The negligence of the landlord was alleged, and
the tenant rests her case upon the theory that though she
was advised that the premises were in need of repair, and
that although she knew they were out of repair, she did
not know their use would be dangerous. The question as
to whether or not she was in the exercise of ordinary care
in the use of the steps, was a question of fact to be passed
upon by a jury; and to convict her of negligence, it was
necessary to appear, not only that the steps, which were the
cause of her injury, were defective, but that she likewise
knew of the danger. If they were out of repair, but not
so obviously so as that a person of ordinary prudence must
have known they were dangerous, then she was entitled to
go to the jury upon the question as to whether there was
an apparent danger in their use. As long as she did not

know they were dangerous, or had no reasonable ground to suspect such to be the fact, her use of them could not be legally considered negligent. She alleges that she did not know they were dangerous. There is no allegation from which the inference can be drawn as matter of law that they were so obviously dangerous as to have put a prudent person upon notice of any danger which might result from their use; and the demurrer to the declaration admitting the facts, it should have been overruled, and the questions of fact made in the case submitted to the jury.

*Judgment reversed.*

LUMPKIN, Justice, dissenting.

Although the plaintiff's declaration does allege, with reference to the steps which she avers the defendant, her landlord, negligently failed and refused repair, that "she had no reason to believe them dangerous, supposing that the props which she and her son had used to support them would be sufficient," yet as it contains other allegations showing that these steps had been "badly decayed and broken" and "were very much decayed and sadly in need of repair" for at least six months before she received the injuries complained of, that the repairs made by the defendant's agent and by the plaintiff's son did not remedy the defects, that the plaintiff was all the while, by reason of daily use and observation, perfectly familiar with the condition of the steps, and that in the exercise of ordinary care she ought to have known that the use of them, even after the making of the above mentioned repairs, was dangerous, she was not entitled to a recovery. Taken as a whole, the declaration shows that, in continuing to use the steps, she voluntarily assumed a risk which she need not have taken, and that in so doing she was not observing ordinary care and diligence to prevent the injuries of which she complains.