## STACK *v.* HARRIS.

'Though a landlord will not be liable in damages for injuries to a tenant resulting from the defective condition of a plank in the floor of the rented building, of which the landlord had no notice, a petition which alleges that the plaintiff, a tenant, was injured by reason of such a defect, and that the landlord, the defendant, had notice of the "defective condition of the floor," sufficiently alleges, as against a general demurrer, that the defendant had notice of the defective condition of the plank.

Submitted June 9,—Decided July 9, 1900.

Action for damages.    Before Judge Reid.    City court of Atlanta.    September term, 1899.

*Hammond, Skeen & Langley*, for plaintiff in error.
*Daniel W. Rountree*, contra.

COBB, J.    Harris brought suit against Miss Minnie Stack, alleging in his petition that, on the 18th day of May, 1899, he rented from the defendant a storehouse in the city of Atlanta; that he was a gunsmith by trade and used the store rented as a general repair-shop; that on the night of July 15, 1899, about eleven o'clock, when he quit work and was preparing to clean the floor of the storehouse, he stepped upon a plank in the floor, which was apparently sound, and the same gave way under him, causing him to fall, and by reason thereof he sustained serious and painful injuries.    When he rented the premises the floor was out of repair in different places, but portions of the floor seemed to be sound and in good condition, and such was the appearance of those portions of the floor where he usually worked and where he was at the time he received the injuries above referred to.    When he used those portions of the floor that were out of repair he did so with the greatest caution. There was nothing in the appearance of the plank that gave way under him to indicate that it was at all dangerous. At the time that he rented the store he called the attention of the defendant to the "defective condition of the floor," and she agreed

to repair it. When he paid the second month's rent he made a similar complaint to the agent of the defendant who collected the rent, and subsequently he reported to the defendant that the floor was out of repair, and she agreed to make the repairs. He complains that his injuries were due to the negligence of the defendant in not having the floor repaired after her attention was called to the same. The defendant filed a general demurrer to the petition, which the court overruled, and she excepted.

As against a general demurrer the petition sets forth a cause of action. The common law placed the burden of repairs upon the tenant, and the landlord was not bound to make repairs unless there was an express stipulation to that effect in the contract which created the relation of landlord and tenant. Neither was there any implied warranty on the part of the landlord that the premises were suitable for the purposes for which they were leased, or that they were in a condition to be occupied. 1 Taylor, Land & Ten. (8th ed.) §§ 175 a, 327, 328; Gear, Land & Ten. § 104. The common-law rule is not of force in Georgia. Under our code, the landlord, in the absence of a stipulation to the contrary, is bound to keep the premises in repair. Civil Code, § 3123. He is, however, entitled to notice from the tenant that the premises are out of repair, and if after such notice has been given the tenant suffers damage on account of the failure of the landlord to make the necessary repairs, the landlord is liable for the damage thus sustained, provided the conduct of the tenant was not such as to preclude him from recovering. *Guthman* v. *Castleberry*, 48 *Ga.* 172. Under the law of this State, it is presumed that the premises leased are in a condition suitable for the purposes for which they were rented, and if such is not the case, and damage results therefrom to the tenant, the landlord is liable, provided he has had notice of the defective condition of the premises and has failed after a reasonable time to make the necessary repairs, and provided also that the tenant has not been guilty of such negligence as to bar a recovery by him. *Whittle* v. *Webster*, 55 *Ga.* 180. See also *Driver* v. *Maxwell*, 56 *Ga.* 11; *White* v. *Montgomery*, 58 *Ga.* 204; *Lewis* v. *Chisolm*, 68 *Ga.* 40; *Miller* v. *Smythe*, 95 *Ga.* 288; *Johnson* v. *Collins*, 98 *Ga.* 271.

When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all the defects that a proper inspection would have disclosed. To this extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned. When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect. The failure of the landlord to repair in such a case would give to the tenant a right of action for any damages sustained by him, and his use of that part of the premises which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the premises in a defective condition. Applying what is above said to the facts of the present case, after the defendant had been notified three times that the floor of the storehouse was out of repair, it became her duty to inspect the premises and make such repairs as were necessary. This is not a case where the landlord is sought to be held liable for injuries arising from defects which were hidden both from the landlord and the tenant. Neither is it a case where the landlord is sought to be held liable on account of defects which were hidden from him and known to the tenant. But it is a case where the landlord is sought to be held liable for injuries resulting from defects which were hidden from the tenant and which the landlord could have discovered by the exercise of ordinary diligence and where the circumstances were such as to require that he should make an investigation which when made would have necessarily resulted in his discovering the defects which were the cause of the plaintiff's injury. As the petition distinctly alleged that the plaintiff at the time he was injured was in the use of a

portion of the floor which was apparently sound, and that there was nothing to indicate that there was any defect in that portion of the floor, there was nothing appearing on the face of the petition which would authorize the conclusion that the plaintiff was guilty of such negligence as would preclude a recovery on his part.

Judgment affirmed.        All the Justices concurring.