7252. ROACH *v.* LeGREE, by next friend.

The allegations as to the injury to the tenant's child from the falling in of a rotten plank in the floor, and as to previous notice to the landlord of the defective condition of the floor, and his failure to inspect and repair as requested by the tenant, set forth a good cause of action in favor of the child against the landlord; and the court did not err in overruling the demurrer.

DECIDED JUNE 5, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman. December 30, 1915.

*Anderson, Cann, Cann & Walsh,* for plaintiff in error.

*H. Mercer Jordan, David S. Atkinson,* contra.

WADE, J. Isaiah LeGree, as next friend for Abbie LeGree, brought suit against Richard Roach, claiming damages for various personal injuries. Her petition shows, that on July 18, 1913, she resided with her parents, in a certain house of the defendant, which he rented to her parents; that she was at that time only three years of age; that on the night of that day, when placed in bed by her parents, the foot of the bed fell through a rotten plank, thereby causing her to be thrown out of the bed; that she landed on the floor on her side, and by reason of the fall her hip was wrenched and knocked out of place, so that her left leg is an inch shorter than her right leg; that her injuries are permanent, since one of her legs will always be shorter than the other; that she exercised ordinary care and diligence to avoid the injury, and that the defective condition of that portion of the floor which gave away and caused the bed to fall was unknown to her. It is alleged that some time before she sustained these injuries, her parents notified the defendant that the house was in a defective condition and requested him to inspect and repair it, but that he neglected to do so; and that her injuries were due to his negligence in failing to repair the house after he knew of its defective condition, and in allowing it to become defective and rotten, and to be in an unsafe condition.

The defendant demurred to the petition; the court sustained some of the grounds of demurrer and overruled others, and gave the plaintiff time to amend. Within the time allowed, the plaintiff amended by alleging that on or about May 10, 1913, her mother notified a named agent of the defendant of the defective condition of the house; that she notified him "that the back steps were out of order, and that the floor in the bedroom, in which the

plaintiff was sleeping, near the door, was rotten and giving way, and requested the said agent to repair the same and to inspect the remainder of the floor;" and that the petitioner's mother moved the bed from the place where it had been, near the door and near that part of the floor which was rotten, to the other side of the room, where the floor was apparently safe.

The petition, as finally amended, was legally sufficient to withstand the several grounds of the special demurrer, and the trial court properly overruled them. As against a general demurrer, the amended petition set forth a cause of action. The suit was based on sections 3694 and 3699 of the Civil Code. Section 3694 declares that the landlord "is responsible to others for damages arising from defective construction, or for damages from failing to keep the premises in repair." Section 3699 is as follows: "The landlord must keep the premises in repair, and is liable for all substantial improvements placed upon them by his consent." At common law the tenant, and not the landlord, was bound to make all necessary repairs, unless there was an express stipulation to the contrary in the rental contract. Nor was there any implied warranty on the part of the landlord that the premises were suitable for the purpose for which they were rented, or that they were in a condition to be occupied. See 1 Taylor's Land. & Ten. (8th ed.) §§ 175 (a), 327, 328; Gear, Land. & Ten., § 104. However, the common-law rule is no longer of force in Georgia, since our code distinctly provides that the landlord is bound to keep the premises in repair. But, in order to sustain a cause of action against a landlord for failure to keep the premises in repair, the tenant must allege and prove that he has given the landlord *notice* of the defective condition of the premises. Not only is the landlord entitled to notice from the tenant that the premises are out of repair before the landlord will be held liable, but it is also incumbent upon the tenant to show that his own conduct was not such as to preclude him from recovering. *Guthman* v. *Castleberry,* 48 *Ga.* 175; *Stack* v. *Harris,* 111 *Ga.* 149, 150 (36 S. E. 615).

The petition in this case discloses that the tenant gave the landlord the required notice of the defective condition of the premises. However, it was contended that the notice was not specific enough, since the only notice alleged was "that the floor in the bedroom, . . near the door, was rotten and giving way,"

and it appears from the petition that the defect which actually caused the injury was in a portion of the floor which was apparently safe, and such notice would not require the landlord to inspect the entire floor in an effort to find hidden or latent defects. This contention is without substantial merit, since the petition as amended not only alleged that the plaintiff's mother had notified and requested the defendant to repair that part of the floor near the door which "was rotten and giving way," but also requested him to *inspect the remainder of the floor*. In the case of *Stack* v. *Harris*, supra, it was held that "When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when, after such notice, the landlord fails within a reasonable time to make the repairs, *he is chargeable with notice of all defects that a proper inspection would have discovered.* To that extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned." Even after notice to the defendant, the tenants had a perfect right to use that part of the room which was apparently in good and sound condition, unless there was something to call their attention to a defect in that part. The petition distinctly alleges that the plaintiff was occupying, at the time of the injury, a portion of the floor which was apparently safe, and that "neither petitioner nor her parents knew of the defective condition of the floor through which the foot of petitioner's bed fell." There are allegations to the effect that while the floor on the top at this point looked safe, the landlord, by going under the house and looking at the floor from its bottom, would have discovered that it was rotten and liable to give way at the place where it did give way. As was said in *Stack* v. *Harris,* supra, "this is a case where the landlord is sought to be held liable for injuries resulting from defects which were hidden from the tenant and which the landlord could have discovered by the exercise of ordinary diligence, and where the circumstances were such as to require that he should make an investigation which when made would have necessarily resulted in his discovering the defects which were the cause of the plaintiff's injury." It is manifest that this case comes squarely within the ruling made in that case, and consequently the trial court properly overruled the demurrer to the petition as amended.          *Judgment affirmed.*