# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1923

---

### 14338.   HARRIS *v.* RISER.

" When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect. The failure of the landlord to repair in such a case would give the tenant a right of action for any damages sustained by him, and his use of that part of the premises which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the premises in a defective condition."

Whether or not the condition of the " stoop " of which the injured person had knowledge at the time she attempted to descend the " steps " was sufficient to charge her with knowledge of the defect of the " steps," the falling of which produced the injury to her, and to show a want of ordinary care on her part in attempting to use the steps, is a question for determination by the jury.

The court erred in sustaining the demurrer and dismissing the petition.

DECIDED OCTOBER 3, 1923.

Action for damages; from city court of Savannah — Judge Freeman.   January 8, 1923.

The petition alleges: that the plaintiff and her husband occupied as tenants a residence belonging to the defendant; that she, " in the ordinary and usual manner, walked out on the front stoop of said house and on the steps of the same in an effort to go upon

765

the said street, and, as she stepped upon the top step to descend the flight of four steps, the said steps gave way, precipitating . . petitioner to the ground, a distance of about four and one half feet; that the falling of said steps was due to the carelessness and negligence of the said defendant in allowing said premises to remain in bad condition of repair, in that the stay board, by which the steps had been fastened to the sill of the stoop of said house, had become detached, so that said step merely rested against the sill of the stoop, and the same was in a decayed condition; which facts were known to the defendant, or should have been known to her in the exercise of ordinary care and diligence; that upon three separate occasions prior to her said injuries, to wit, upon September 27, 1921, October 4, 1921, and October 11, 1921, she orally notified the agent of said defendant in charge of and collecting the rent for and looking after said premises that the stoop of said house was defective, in that it was not securely fastened to the said house, such agent being Leigh M. White Company, through its collector; and the said defendant, through her agent aforesaid, promised to repair the same, but failed so to do; that if the said defendant had complied with her promise to repair said defect in said stoop, as alleged in the sixth paragraph hereof, she necessarily would have discovered the defect in the steps, described in the fifth paragraph hereof, the same being a part of said stoop and said house and premises;" that " she was not aware of the defective condition of the steps, the falling of which caused the injuries complained of, and in the exercise of ordinary care could not have been, and petitioner avers that she was exercising ordinary care in the use of said premises at the time of her injuries;" that " more than a reasonable time had elapsed before said injuries for the defendant to have made such repairs, after said notices and promises to repair;" and she prays judgment against the defendant. A general demurrer to the petition was sustained, and the plaintiff excepted.

*Edwin A. Cohen, I. C. Farthing,* for plaintiff, cited: 18 *Ga. App.* 326-7; 111 *Ga.* 149-51; 98 *Ga.* 271-4; 18 *Ga. App.* 252; 28 *Ga. App.* 309 (distinguished).

*Lawrence & Abrahams,* for defendant, cited: 28 *Ga. App.* 788; 6 *Ga. App.* 97.

BLOODWORTH, J.   (After stating the facts.)

As a demurrer admits all properly pleaded allegations to be true, we have in this case a petition in which are allegations properly pleaded, and which the defendant cannot admit as true and escape liability.   It was therefore error to sustain the general demurrer to the petition.   The position which we take in this case is supported by rulings of this court and of the Supreme Court.   The following quotations are from cases in which the facts are quite similar to those in this case.   In *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615), a general demurrer to the petition was overruled.   In discussing the case Mr. Justice Cobb said (pp. 151, 152) : "When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires.   It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, *he is chargeable with notice of all the defects that a proper inspection would have disclosed.* (Italics ours.)   To this extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned.   When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger.   But even after notice to the landlord the tenant has the right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect.   The failure of the landlord to repair in such a case would give to the tenant a right of action for any damages sustained by him, and his use of that part of the premises which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the premises in a defective condition.   Applying what is above said to the facts of the present case, after the defendant had been notified three times that the floor of the storehouse was out of repair, it became her duty to inspect the premises and make such repairs as were necessary.   This is not a case where the landlord is sought to be held liable for injuries arising from defects which were hidden both from the landlord and the tenant.   Neither is it a case where the landlord is sought to be held liable on account of defects which

were hidden from him and known to the tenant. But it is a case where the landlord is sought to be held liable for injuries resulting from defects which were hidden from the tenant and which the landlord could have discovered by the exercise of ordinary diligence and where the circumstances were such as to require that he should make an investigation *which when made would have necessarily resulted in his discovering the defects which were the cause of the plaintiff's injury.* As the petition distinctly alleged that the plaintiff at the time he was injured was in the use of a portion of the floor which was apparently sound, and that there was nothing to indicate that there was any defect in that portion of the floor, there was nothing appearing on the face of the petition which would authorize the conclusion that the plaintiff was guilty of such negligence as would preclude a recovery on his part." (Italics ours.) The petition in this case distinctly alleges that if the repairs requested by the tenant, and which the landlord promised to make, had been made, the landlord necessarily would have discovered the defects in the steps.

The headnote in *Johnson* v. *Collins,* 98 *Ga.* 271 (26 S. E. 744), is as follows: " The plaintiff's declaration showing that she received personal injuries in consequence of her landlord's negligence in failing to repair the rented premises, and it not appearing from the allegations of the declaration that she herself was guilty of such negligence (if any) as would entirely defeat her right to recover, it was error to sustain a general demurrer to the declaration. The question whether or not, under the circumstances stated in the declaration, she could, by the exercise of ordinary care, have avoided the injuries complained of, was one of fact for the jury, and not one for determination by the court." In the opinion in that case Mr. Justice Atkinson said (p. 273) : " The question as to whether or not she was in the exercise of ordinary care in the use of the steps, was a question of fact to be passed upon by the jury; and to convict her of negligence, it was necessary to appear, not only that the steps, which were the cause of her injury, were defective, but that she likewise knew of the danger." In *Alexander* v. *Owen,* 18 *Ga. App.* 326, 327 (89 S. E. 437), Chief Judge Wade used the language quoted in the first headnote of this decision, and in that case this court held: " Whether or not the condition of the bottom step, of which the injured person had

knowledge at the time she attempted the descent of the steps, was sufficient to charge her with knowledge of the defect in the particular step, the breaking of which produced the injury, and to show a want of ordinary care on her part in attempting to use the steps at all, is a question for determination by the jury." So in this case, whether or not the condition of the " stoop," of which the injured person had knowledge at the time she attempted the descent of the steps, was sufficient to charge her with knowledge of the defect in the "steps" the breaking of which produced the injury, and to show a want of ordinary care on her part in attempting to use the steps at all, is a question for determination by the jury. See *Roach* v. *LeGree*, 18 *Ga. App.* 250 (89 S. E. 167); *Ross* v. *Jackson*, 123 *Ga.* 657 (51 S. E. 578).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*