### 14430.    MILLER v. JONES.

"When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect. The failure of the landlord to repair in such a case would give the tenant a right of action for any damages sustained by him, and his use of that part of the premises which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the premises in a defective condition. *Slack* v. *Harris*, 111 *Ga.* 149, 151." *Alexander* v. *Owen*, 18 *Ga. App.* 326 (89 S. E. 437).

DECIDED DECEMBER 7, 1923.

Damages; from Muscogee superior court—Judge Munro. March 12, 1923.

F. L. Jones sued J. E. Miller, his landlord, for damages, alleging that he suffered personal injuries by reason of defects in the rented premises, a dwelling house. The petition as amended alleged:

"6. That at the time petitioner rented said house and occupied

the same as tenant as aforesaid the floors in the rooms and halls in said house were apparently in good and safe condition and repair, no patent defect existing.

"7. That on or about the 21st day of February, 1922, the floor in the front room of said house adjacent to the front hall gave way, caved in and fell through with petitioner while he was sitting in a chair leaning against the partition wall between the front room and front hall of said house.

"8. That on or about said date of the 21st day of February, 1922, petitioner gave notice to the said Miller that the floors in said dwelling house needed repairs,—that they were unsafe and unfit for occupancy; said notice being given to the agents of said Miller, to wit, B. H. Harris & Co., they then and there being the agents of the said Miller in charge of the said premises acting for and in behalf of said Miller, the said notice being in writing and being in the following words and effect, to wit: 'Columbus, Ga., 2-21-22. B. H. Harris Co. The floors and roof of the house I am renting from you need repairing. Please see to this at once. Respt., F. L. Jones, 207 26th Street.'

"9. That subsequent to the 21st day of February, 1922 (the exact date being now unknown to petitioner), he requested the said J. E. Miller to repair the floors in said house as referred to in paragraph 7 aforesaid, talking to him on Broad street, in the City of Columbus, Georgia, in front of the Flournoy Realty Company's office, telling him that the planks in the floor in the room, while apparently sound on their surface, had failed to withstand the weight of plaintiff's body while sitting in a chair, and beneath the surface were not sound, and stating that they were defective, decayed, rotten, and unsound for use for which they were intended and being used.

"10. That on or about the 14th day of March, 1922, petitioner shows that certain planks in the floor in the hall of said house, adjoining the front room thereof, broke, rotted, decayed, gave way, and caved in while petitioner was walking on them in said hall, precipitating petitioner to the floor and causing his right foot to fall through said floor up to and including his right thigh, greatly injuring and damaging him as hereinafter stated.

"11. Petitioner shows that the planks in the floor in the front hall of said house appeared at that time to be safe and sound and

in good repair, and, relying upon said apparently sound and safe condition of said floor, and not knowing of the latent and hidden defects and decayed condition of the planks in said hall beneath the surface and underneath the top surface of said planks in said floor until the injury aforesaid on the 14th day of March, 1922, petitioner continued to occupy said dwelling house as tenant as aforesaid, and made use of said hall in the ordinary and usual manner of occupancy.

"12.  Petitioner shows that although the said planks in the floor of the front hall were apparently sound and safe and in good condition and repair, they contained hidden and latent defects not apparent upon the surface, but under and beneath the top surface of the floor they contained defects and decay not known to petitioner, and were in fact defective, decayed, rotten, and broken, and were not strong enough to support the weight of petitioner's body, and did break into, give way and fall in, causing petitioner to fall through said floor as aforesaid, and injured and damaged him as alleged.

"12-*a*.  Petitioner alleges that the floor in said front room and front hall of said house was one continuous floor, the planks of same running from room to hall and from hall to room; that an inspection of the floor in said front room of said house by defendant, or had the repairs requested been made by him, would have disclosed the hidden and latent defects and decayed condition in the planks and floor of said front hall, or by the use of ordinary care and diligence he would and should have discovered the unsound and unsafe and defective condition of said planks and floor in said front hall; that the said injuries to petitioner were due to the carelessness and negligence aforesaid of defendant in failing to discover said defective condition of said planks and floor of said hall, and failing and refusing to inspect and repair said planks and floor in the front room of said house as aforesaid.

"13.  Petitioner shows that the said J. E. Miller had been fully advised of said defective condition of said floor as aforesaid, and had had sufficient and reasonable [notice?] from the 21st day of February, 1922, to the 14th day of March, 1922, to replace and repair the planks in the floor of said house as aforesaid prior to the time of said injury.

"14.  Petitioner shows that the said J. E. Miller did carelessly and negligently fail and refuse to replace and repair the defective

planks in said floor as aforesaid, though often requested so to do, and the said damage and injuries to petitioner were the result of said carelessness and negligence on the part of said J. E. Miller.

"15.   Petitioner shows that he sustained said damage and injuries without fault or blame on his part; that by the exercise of ordinary care and caution he could not have avoided said injuries; and that at the time he sustained said damage and injuries he was occupying said house as tenant as aforesaid in the usual and customary manner of occupancy, and did not know and had no knowledge of the said defective condition of said planks and floor in said front hall of said house."

A general demurrer to the petition was overruled, and the defendant excepted.

*J. E. Chapman, A. W. Cozart,* for plaintiff in error.

*J. B. Hoyl,* contra.

BELL, J.   (After stating the foregoing facts.)

Under the authorities cited in the headnote there was no error in overruling the demurrer.  See also *Roach* v. *LeGree,* 18 *Ga. App.* 250 (89 S. E. 167); *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (3), (4) (107 S. E. 563); *Zaban* v. *Coleman,* 27 *Ga. App.* 376 (3) (108 S. E. 555).  This case is distinguishable from *Ball* v. *Walsh,* 137 *Ga.* 350 (73 S. E. 585), and from *Weyman* v. *Maynard,* 24 *Ga. App.* 94 (100 S. E. 25), for in each of those cases it affirmatively appeared, from the declaration, that the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence.  It also appears in the last-mentioned case that the defects must necessarily have been plainly apparent and that the defendant had not only had opportunity equal to that of the landlord of discovering and understanding the defects (which furthermore existed at the time of the renting), but had actual knowledge thereof with full opportunity of notifying the landlord thereof prior to the time of the damage or injury.

Even after notice of defects given to the landlord the tenant is entitled to continue in the use of the premises without losing his right of redress for any damage sustained, provided the conduct of the tenant in so doing is not such as to preclude him from recovering, and he will not be so precluded unless by the exercise of ordinary care he could have avoided the consequences to himself

of the defendant's negligence. *Stack* v. *Harris,* supra; Civil Code (1910), § 4426. "There is no allegation from which the inference can be drawn, as matter of law, that they [the defects] were so obviously dangerous as to have put a prudent person upon notice of any danger which might result from their use; and, the demurrer to the declaration admitting the facts, it should have been overruled, and the questions of fact made in the case submitted to the jury." *Johnson* v. *Collins,* 98 *Ga.* 271, 274 (26 S. E. 744); *Alexander* v. *Owen,* 18 *Ga. App.* 326 (89 S. E. 437).

It will be noticed that the plaintiff is suing for injuries which he suffered in falling through the floor in the hall, which he alleges was in apparent good condition. It cannot be determined, as a matter of law, from the petition as framed that he was guilty of a want of ordinary care in using this portion of the dwelling because he had previously fallen through the floor in a different room, referred to in the petition as the "front room." We think what is said in the *Stack* case, supra, on page 151, might be repeated with equal applicability to the case at bar.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*