### 17556.   DUNCAN v. PLATSHEK.

"In order to sustain a cause of action against a landlord for failure to
keep the premises in repair, the tenant must allege and prove that he
has given the landlord *notice* of the defective condition of the premises."

Landlord and Tenant, 36 C. J. p. 222, n. 90, 94; p. 250, n. 88, 91;
p. 251, n. 13.
Pleading, 31 Cyc. p. 78, n. 95.

In this case the allegation that notice was given "of the general repairs needed to the house" was not sufficiently specific to put defendant upon notice of the defective condition of the back porch; and it does not appear that the letter containing a direct reference to the back porch ever reached the landlord or his agent. The petition failed to set out a cause of action and the trial court properly sustained the general demurrer.

DECIDED NOVEMBER 9, 1926.

Action for damages; from city court of Savannah—Judge Freeman. June 17, 1926.

*Oliver & Oliver,* for plaintiff.

*George H. Richter,* for defendant.

LUKE, J.   A. C. Duncan, by her next friend, sued the defendant for damages for injuries alleged to have resulted from falling through a rotten board in the back porch of a certain house rented from the defendant and occupied by the plaintiff and her parents as tenants of the defendant.   The question presented is whether or not the trial court erred in sustaining a general demurrer to the petition.   Since the controlling factor is whether or not there is a sufficient allegation of notice to the defendant of the defective condition of the premises, only the portion of the petition concerning notice need be considered.   Paragraph 5 of the petition is as follows:  "That on October 1, 1923, petitioner's father notified defendant's agents, Platshek & Company, of the general repairs needed to the house, and was advised by them that these repairs would be made promptly and the house given a general overhauling."   Paragraph 6 of the petition is:  "That on November 1, 1923, petitioner's father wrote a letter to defendant's agents, Platshek & Company, notifying them of the condition of the house, and calling particular attention to the condition of the back porch of said premises; a copy of said letter being hereto attached marked exhibit A and hereby made a part hereof."   The material part of the letter referred to in paragraph 6 is as follows:  "I also wish to put you on notice that the condition of the back porch is such that it is dangerous to venture on, and I will hold you liable for any injuries that may occur to me or my family as a result of the decayed condition of this part of the property."   It is alleged as negligence that (1) "the boards of the flooring on the back porch of the premises were allowed by defendant to remain in a rotten and dangerous condition after

being notified by petitioner's father;" (2) "the defendant failed to have the flooring on the back porch of the premises promptly repaired after being notified by petitioner's father of their defective and dangerous condition." The case rests on the theory that the landlord failed to keep the premises in repair. "But, in order to sustain a cause of action against a landlord for failure to keep the premises in repair, the tenant must allege and prove that he has given the landlord notice of the defective condition of the premises." *Roach* v. *LeGree,* 18 *Ga. App.* 251 (89 S. E. 167), citing *Guthman* v. *Castleberry,* 48 *Ga.* 175; *Stack* v. *Harris,* 111 Ga. 149 (36 S. E. 615). The allegation in paragraph 5, as to notice "of the general repairs needed to the house," and the promise "that these repairs would be made promptly and the house given a general overhauling," is not specific enough to put the defendant upon notice of the defective back porch. *Ledbetter* v. *Gibbs,* 19 *Ga. App.* 485 (91 S. E. 875), and citations given above. The letter referred to in paragraph 6 of the petition contained a very specific description of the defects in the porch. The question is, does it appear from the petition that the letter reached the defendant's agents? The clause, "wrote a letter to defendant's agents," etc., can not be considered as equivalent to an allegation that the letter was actually delivered, nor is it the same as an allegation that the letter was properly directed, stamped, and mailed to the defendant's agents. In short, construing the petition more strongly against the pleader, there is no allegation that the letter reached the defendant's agents. Consequently, there was no notice of the defective condition of the back porch; and such notice being prerequisite to a recovery, the petition failed to set out a cause of action, and the general demurrer was properly sustained.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*