24490.    MATHIS v. GAZAN.

Decided August 15, 1935.    Rehearing denied September 26, 1935.

*Samuel Geffen, Louis Geffen,* for plaintiff.

*M. E. Kilpatrick, Hamilton Lokey, Harold Hirsch, Marion Smith,* for defendant.

MacIntyre, J.  Novella Mathis brought suit against E. K. Gazan and sought damages on account of alleged injuries caused by the falling of plastering in the house rented by the plaintiff from the defendant.  The plaintiff alleged that the defendant had been notified, by and through named renting agents, "that said plastering was in need of repair, and defendant knew of the defective condition of said plastering, and that same was in need of repair.  After knowledge of the defective condition of said plastering, defendant carelessly and negligently failed to repair said plastering . . . That the defective condition of plastering was not apparently dangerous to petitioner at or before the time the said plastering fell upon her head, as alleged, and that petitioner's attention was attracted to the defective condition of said plastering by cracks in the ceiling, of which condition she notified defendant's agents, as hereinbefore alleged."  By amendment the plaintiff alleged that she notified the defendant through said agents, "regularly for a period of one and one half years prior to the date of this injury, that the said plastering was in need of repair," and that said time was sufficient for the defendant to repair "the said defective plastering" before said injuries.  "Petitioner shows that said defendant was negligent in that the said plaster was allowed to be on said overhead ceiling without being properly supported, in that there was nothing underneath said

plaster to hold the same up, and the same was of an inferior quality of plastering matter, being too brittle and not having the proper tensile strength so that the keys thereto between the laths would hold the weight of said plastering and in that said plaster was not made up so as to give it the proper tensile strength necessary to support the weight of the same overhead; all of which facts were unknown to your petitioner at or before the time said injuries were sustained. Said defendant was negligent in failing to repair said property after notice by petitioner. Petitioner alleges that the aforesaid acts of negligence were the direct and proximate cause of her injuries."

We think that as against a general demurrer the petition sets forth a cause of action. "The common law is not of force in Georgia. Under our Code, the landlord, in the absence of a stipulation to the contrary, is bound to keep the premises in repair Civil Code § 3123. He is, however, entitled to notice from the tenant that the premises are out of repair, and if after such notice has been given the tenant suffers damages on account of the failure of the landlord to make the necessary repairs, the landlord is liable for the damage thus sustained, provided the conduct of the tenant was not such as to preclude him from recovery." *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615). "When the landlord is notified that the premises are out of repair it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all defects that a proper inspection would have disclosed. To this extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned." *Stack* v. *Harris*, supra.

It seems to us that this case, under the pleadings, should have gone to the jury, for them to determine whether the circumstances were such as to require that the landlord should have made an investigation (not every frivolous and inconsequential report by the tenant to the landlord requires an investigation). And if the jury should find that the landlord should have made an investigation, then it should be for them to determine whether, if a proper investigation had been made (that is one in which the landlord exercised ordinary diligence), it would have necessarily resulted in

the defendant's discovery of the defects which were the cause of the plaintiff's injury. The petition distinctly alleges that the plaintiff, at the time she was injured, was exercising ordinary care; and we do not think there is anything appearing on the face of the petition which would authorize the conclusion that the plaintiff was guilty of such negligence as would preclude her recovery. *Miller* v. *Jones,* 31 *Ga. App.* 318 (120 S. E. 672); *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (3) (107 S. E. 563). Richtman *v.* Jacobs, 149 N. Y. Supp. 947 (87 Misc. 306); Altz *v.* Leiberson, 233 N. Y. 16 (134 N. E. 703).

*Judgment reversed. Guerry, J., concurs. Broyles, C. J. dissents.*

### ON MOTION FOR REHEARING.

MacIntyre, J. The defendant moves for a rehearing on the ground that the court has apparently overlooked the fact that the plaintiff was injured by using the exact part of the premises which she had notified the landlord was defective, and was injured because of the exact defective condition which she had called to the landlord's attention; and cites *Jackson* v. *Davis,* 39 *Ga. App.* 621 (147 S. E. 913), the cases therein cited, and *Yancey* v. *Peters,* 49 *Ga. App.* 128 (174 S. E. 182). In the *Jackson* case it is said: "When rented premises become defective and unsafe, it is the duty of the tenant to refrain from using that part of the premises the use of which *would be attended with danger.* [Italics ours.] It is his duty to exercise ordinary care for his own safety; and where he is injured as a result of his failure to exercise such care, he can not recover damages from his landlord, even though the latter may have been negligent in failing to make repairs. Construing the allegations of the petition most strongly against the plaintiff, as must be done on demurrer, it affirmatively appears that the plaintiff voluntarily used a portion of the premises *which he knew was dangerous* [italics ours]; and this being true, he was not entitled to recover." In that case the plaintiff voluntarily used a portion of the premises which he knew was dangerous. In *Miller* v. *Jones,* supra, this court stated that "Even after notice of defects given to the landlord the tenant is entitled to continue in the use of the premises without losing his right of redress for any damage sustained, provided the conduct of the tenant in so doing is not such as to preclude him from recovering, and he will

not be so precluded unless by the exercise of ordinary care he could have avoided the consequences to himself of the defendant's negligence." And in *Johnson* v. *Collins,* 98 *Ga.* 271, 273 (26 S. E. 744), the court stated that "The question as to whether or not she was in the exercise of ordinary care in the use of the steps was a question of fact to be passed upon by a jury; and to convict her of negligence, it was necessary to appear, not only that the steps which were the cause of her injury were defective, but that she likewise knew of the danger. If they were out of repair, but not so obviously so as that a person of ordinary prudence must have known they were dangerous, then she was entitled to go to the jury upon the question as to whether there was an apparent danger in their use. As long as she did not know they were dangerous, or had no reasonable ground to suspect such to be the fact, her use of them could not be legally considered negligent." In our opinion the case sub judice is controlled by the decisions in *Miller* v. *Jones, Stack* v. *Harris,* and *Johnson* v. *Collins,* supra, and should be distinguished from such cases as *Jackson* v. *Davis* and *Yancey* v. *Peters,* supra, in that in those cases it appeared that the plaintiff voluntarily used a portion of the premises which he knew was dangerous. We should not confuse "notice of defects" with "knowledge of danger." Even after the tenant may have notice of defects in the premises, she may yet continue to use the premises, including the part of the premises which are defective, if she does not know they are dangerous or has no reasonable ground to suspect such to be the fact. Her use of them could not be legally considered negligent. *Johnson* v. *Collins,* supra.

*Rehearing denied. Guerry, J., concurs. Broyles, C. J., dissents.*