## 24845. AYCOCK *et al.* v. GILLHAN.

STEPHENS, J. 1. Where in a petition in a suit for damages by the occupant of rented premises against the owner thereof, to recover for injuries alleged to have been received by the plaintiff by falling off the steps as a result of the alleged negligence of the defendants in failing to repair the steps after notice, it is alleged that at the time of the injuries the top step on which the plaintiff was standing and which gave way with the plaintiff was "decayed, old, and cracked, being obscured and concealed by leaves and dust thereupon," and that the plaintiff did not know of the defective condition of the steps and particularly of the top step "which was cracked and obscured by dust and leaves," an amendment whereby the above-quoted allegations in the petition were stricken and there were substituted allegations that the top step was apparently safe and secure, and did not appear dangerous for the plaintiff to step on, and that the plaintiff had no knowledge that the step was rotten, amounted to no more than an amendment modifying the description of the condition of the steps. The allegation in the amendment related to

the same wrong, namely the injury and damage to the plaintiff resulting from the negligence of the defendants in maintaining the steps in a defective and dangerous condition. The petition set out a cause of action, and was capable of amendment. It was not error to allow the amendment and to overrule the demurrer on the ground that the original petition set out no cause of action and for that reason could not be amended, and that the amendment contained matter contradictory to the allegations of the petition, and set out a new and distinct cause of action.

2. Where it was alleged in the original petition, as the basis for the plaintiff's right to recover, that the defendants had been notified of the unsafe condition of the steps and had promised to make the necessary repairs to them, and had negligently failed to put them in repair, an amendment which contained an additional allegation that the defendants inspected the steps on the premises and notified the plaintiff's father, who was an occupant of the premises, that the steps were in good condition and were not dangerous and did not need to be repaired but would last for some time, and that the defendants would make some repairs in the future if it should become necessary, and that the defendants made no repairs on the steps, did not set out matter which constituted a new cause of action; and the court did not err in allowing the amendment, or in overruling the demurrer based on the ground that the original petition failed to set out a cause of action and could not be amended, and that the amendment set out a new cause of action in that in the original petition the plaintiff sought to recover on the ground that the steps had not been repaired after notice, while in the amendment the plaintiff set up liability based on the representations of the defendants that the steps were safe and did not need repair.

3. It was essential to the plaintiff's right to recover on the ground that representations were made by the defendants as to the steps being safe and not needing repair, that the plaintiff had notice of such representations. It not appearing from the petition, or from the amendment in which a right of recovery was alleged on this ground, that the plaintiff had such knowledge, the court erred in not sustaining the demurrer to the amendment last referred to, based on the ground that it nowhere appears in the amendment that the representations by the defendants as to the safe condition of the steps were communicated to the plaintiff.

4. Irrespective of whether the amendment wherein it was alleged that the defendants had represented to the plaintiff's father, the tenant and occupant of the premises, that the steps were in good condition, was subject to the demurrer interposed, the petition as otherwise amended alleged that the defendants were negligent in failing to make the necessary repairs to the steps after having been duly notified of their unsafe condition. It appears from the allegations of the petition as properly amended that the alleged defective and dangerous condition of the steps was not known to the plaintiff. It does not appear from the allegations of the petition or from the petition as amended that the plaintiff by the exercise of due care could have avoided the injuries complained of, but it does appear that the injuries were proximately caused by the alleged negligence of the defendants in failing to make the necessary

repairs to the steps after having received due notice of their defective and dangerous condition.

5. There is no merit in any of the special demurrers.

6. The petition as amended set out a cause of action; but since the court erred in overruling the demurrer to one of the amendments to the petition, the judgment overruling all of the demurrers must be reversed.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 18, 1936. REHEARING DENIED MARCH 28, 1936.

*George B. Rush,* for plaintiffs in error.
*Benjamin B. Garland, Leonard S. Pennisi,* contra.