27151. COLEMAN *v.* DAVIS.

Decided February 23, 1939. Rehearing denied March 24, 1939.

*Norman I. Miller,* for plaintiff in error.
*Irving S. Nathan,* contra.

BROYLES, C. J. In this case the exceptions are to the overruling of demurrers, general and special, to the amended petition, and to the refusal to strike certain amendments to the original petition. Rosa Davis brought an action in damages against Emma Coleman for alleged injuries. Her petition, as finally amended, contained the following allegations: The defendant, personally, sometime prior to September 17, 1934, leased to plaintiff's husband, Will Davis, the entire upstairs portion of a two-story apartment house, owned by the defendant; on September 17, 1934, the Gifford Realty Company, acting under the authority and direction of the defendant, took over the collection of rents and the supervision of the property; on February 20, 1937, petitioner's husband was the tenant in possession of the upstairs portion of the house, and the petitioner was living there with him as his wife; the only entrance to the upper part of the house was through a door downstairs at the front of the house; to get to the door it was necessary to mount a platform landing consisting of four steps, and a platform four feet wide, six feet long, and about three and one-half feet above the ground; on February 20, 1937, about 12:30 p. m., petitioner returned to the house and mounted the platform for the purpose of going up to her apartment, and, as she placed her right hand on the door to open it, she recalled that she had forgotten something in the yard, and, as she turned her body towards the left, in order to begin walking off of the platform and down the steps, that part of the platform on which her left foot rested suddenly collapsed, and she was violently precipitated three and one-half feet to the ground, thereby sustaining the personal injuries sued for; in March, 1936, she personally notified the defendant that the platform had a hole in it near the southwest corner, and requested her to repair the platform and make it safe to be used; in January, 1937, she notified a Mr. Kitchens, an agent of the Gifford Realty Company, when he came to collect the rent, that the platform was in a defective condition and requested him to repair it and make it safe; subsequently, a man came out to examine it, but it was not repaired; said Gifford Company was the authorized agent of defendant for repairing the house; the platform at the place where it collapsed was defective, having become rotten underneath, but the top of it was apparently sound and secure, and the defective condition underneath, and its danger, were unknown to petitioner,

but such defective and dangerous condition could have been discovered by the defendant if she had made a proper inspection of the platform, as was her duty after being notified of its defective condition; petitioner, in using the platform to enter the house, was exercising ordinary care and could not have avoided being injured; defendant was negligent in failing to repair the platform and make it safe to be used by petitioner, after having been notified of its defective condition, and that such negligence was the proximate cause of petitioner's injuries.

The petition as finally amended set out a cause of action. The allegations that the hole in the platform was at the southwest corner of the platform and that the other parts thereof were apparently sound and secure, that the rotten condition of the platform underneath was not visible to plaintiff, and the danger thereof was unknown to her, were statements of fact, and not mere conclusions of the plaintiff, and, when attacked by demurrer, must be accepted as true statements. "When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all the defects that a proper inspection would have disclosed. To this extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned. When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect." *Stack* v. *Harris*, 111 *Ga.* 149, 151 (36 S. E. 615); *Mathis* v. *Gazan*, 51 *Ga. App.* 805 (181 S. E. 503), and cit. In *Shaddix* v. *Eberhart*, 55 *Ga. App.* 498 (2, 3) (190 S. E. 408), this court held: "Where a landlord has received notice of a defect in any portion of the rented premises which it is his duty to repair, he is chargeable with notice of any defect in the condition of any adjacent portion of the premises which, when repairing the defect of which he had notice, he could discover in the exercise of ordinary

care; and where later he fails, after notice, to exercise ordinary care in making the required repairs, he is guilty of negligence and is liable for injuries received by the tenant as the proximate result of such negligence. Where in a petition as amended it is alleged that the plaintiff was a tenant of the defendant, that a portion of the front porch leading from the house to the front steps, with the exception of one place about eight inches wide, was rotten and in a condition dangerous to the occupants of the house, that before the date when the plaintiff received certain injuries by reason of the falling in of the floor on which she was walking the defendant had been notified and knew of the described condition of the floor in the porch, that the plaintiff while walking upon the eight-inch portion of the floor, which appeared to be safe and sound and walk-worthy, received described personal injuries as a result of this portion of the floor falling in with her while she was walking on it, that this portion of the floor on which the plaintiff was walking was not strong enough to bear her weight, that she did not know this, and that the defendant was negligent in fact in thus failing to repair the floor and make it safe, the petition as amended set out a cause of action, and the court erred in sustaining a general demurrer." Notice of the defective condition of the platform, given to the defendant's agent with whom the tenant dealt and to whom the rents were paid, was notice to the defendant. *Wall Realty Co.* v. *Leslie,* 54 *Ga. App.* 560, 563 (188 S. E. 600), and cit. In *Aycock* v. *Gillhan,* 53 *Ga. App.* 115 (4) (184 S. E. 912), this court said: "It appears from the allegations of the petition as properly amended that the alleged defective and dangerous condition of the steps was not known to the plaintiff. It does not appear from the allegations of the petition or from the petition as amended that the plaintiff by the exercise of due care could have avoided the injuries complained of, but it does appear that the injuries were proximately caused by the alleged negligence of the defendants in failing to make the necessary repairs to the steps after having received due notice of their defective and dangerous condition." The numerous cases cited by the plaintiff in error are distinguished by their particular facts from those heretofore referred to and from the instant case.

In the original petition it was alleged that the plaintiff and her husband were the tenants of the defendant. The petition was

754

amended by alleging that her husband was the tenant and that she was living in the house with him as his wife. The defendant demurred to the amendment and moved to strike it on the ground that it set out a new cause of action. The court properly refused to strike the amendment. "Members of a tenant's family . . stand in his shoes, and are controlled by the rules governing the tenant as to the right of recovery for injuries arising from failure to keep the premises in repair." *Crossgrove* v. *Atlantic Coast Line R. Co., 30 Ga. App.* 462 (2) (118 S. E. 694); *Wall Realty Co.* v. *Leslie,* supra. Another amendment to the petition was filed as the result of an order passed by the court on September 7, 1937, when it sustained one ground of a special demurrer, with leave to amend within fifteen days. The order did not provide that the petition would stand dismissed unless the amendment was filed within the specified time. The court allowed the amendment although it was not filed within fifteen days from the order, and denied the defendant's motion to strike it. The motion was without merit. "Properly construed, the order of court allowing time in which to amend did not purport to dismiss the petition; and it was within the power of the court, at the final hearing of the case on demurrer, to allow the amendment. Civil Code, § 6581." *Zipperer* v. *Helmnly,* 148 *Ga.* 480, 482 (97 S. E. 74). The foregoing rulings are controlling in the instant case, and none of the rulings on the special demurrers to the amended petition shows cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*