## 29339. COKER v. MURPHEY.

DECIDED JANUARY 30, 1942.

*Roy B. Rhodenhiser Jr., Hallie B. Bell,* for plaintiff.

*Thomas A. Jacobs Jr.,* for defendant.

BROYLES, C. J. 1. Where a plaintiff's petition shows that she received personal injuries in consequence of her landlord's negligence in failing to repair, after notice to him or his agent, the rented premises, and it does not appear from the allegations of the petition that she was guilty of such negligence as would entirely defeat her right to recover, it is error to dismiss the petition on demurrer. The question as to whether, under the circumstances stated in the petition, she, by the exercise of ordinary care, could have avoided the injuries complained of is "one of fact for the jury, and not one for determination by the court." *Johnson* v. *Collins,* 98 *Ga.* 271 (26 S. E. 744).

2. "When the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires. It follows, therefore, that when after such notice the landlord fails within a reasonable time to make the repairs, he is chargeable with notice of all the defects that a proper inspection would have disclosed. To this extent he might be charged with liability for injury arising from a defect which was hidden so far as the tenant was concerned. When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect. The failure of the landlord to repair in such a case would give to the tenant a right of action for any damages sustained by him, and his use of that

part of the premises which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the premises in a defective condition. . . This is not a case where the landlord is sought to be held liable for injuries arising from defects which were hidden both from the landlord and the tenant. Neither is it a case where the landlord is sought to be held liable on account of defects which were hidden from him and known to the tenant. But it is a case where the landlord is sought to be held liable for injuries resulting from defects which were hidden from the tenant and which the landlord could have discovered by the exercise of ordinary diligence and where the circumstances were such as to require that he should make an investigation which when made would have necessarily resulted in his discovering the defects which were the cause of the plaintiff's injury. As the petition distinctly alleged that the plaintiff at the time he was injured was in the use of a portion of the floor which was apparently sound, and that there was nothing to indicate that there was any defect in that portion of the floor, there was nothing appearing on the face of the petition which would authorize the conclusion that the plaintiff was guilty of such negligence as would preclude a recovery on his part." *Stack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615); *Guthman* v. *Castleberry,* 48 *Ga.* 172; *Whittle* v. *Webster,* 55 *Ga.* 180; *Roach* v. *LeGree,* 18 *Ga. App.* 250 (89 S. E. 167). In *Coleman* v. *Davis,* 59 *Ga. App.* 750 (2 S. E. 2d, 148), this court made the following ruling: "The petition as finally amended set out a cause of action. The allegations that the hole in the platform was at the southwest corner of the platform and that the other parts thereof were apparently sound and secure, that the rotten condition of the platform underneath was not visible to plaintiff, and the danger thereof was unknown to her, were statements of fact, and not mere conclusions of the plaintiff, and, when attacked by demurrer, must be accepted as true statements." The facts of the *Coleman* case are quite similar to those of the instant case.

3. Under the above-stated rulings the amended petition set out a cause of action against the defendant landlord, and the dismissal of the case on demurrer was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*