### 35532. BALL v. MURRAY.

CARLISLE, J. "Code § 61-111 provides as follows: 'The landlord must keep the premises in repair, and shall be liable for all substantial improvements placed upon them by his consent.' Where the landlord has fully parted with possession and right of possession, he must have reasonable notice of the defective condition of the premises as a condition of liability therefor. *Davis* v. *Hall,* 21 *Ga. App.* 265, 268 (94 S. E. 274); *Ocean Steamship Co.* v. *Hamilton,* 112 *Ga.* 901 (38 S. E. 204); *Ledbetter* v. *Gibbs,* 19 *Ga. App.* 485 (91 S. E. 875). Notice of a defect given by the tenant to the landlord charges the latter with notice of any and all

other defects such as might reasonably have been discovered by a compliance with a request for repairs. *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615)." *Shattles* v. *Blanchard*, 87 *Ga. App.* 15, 16 (73 S. E. 2d 112). "The only duty of care resting on the tenant is to refrain from using those portions of the premises which are patently defective or dangerous; but when the landlord is notified that the premises are out of repair, it becomes his duty to inspect the premises and to make such repairs as the safety of his tenants requires. *Gledhill* v. *Harvey*, 55 *Ga. App.* 322 (190 S. E. 61)." *Ween* v. *Saul*, 88 *Ga. App.* 299, 302 (76 S. E. 2d 525). See also, in this connection, *Harris* v. *Riser*, 30 *Ga. App.* 765, 769 (119 S. E. 432); *Mathis* v. *Gazan*, 51 *Ga. App.* 805 (181 S. E. 503), where it is held that it is a question for the jury whether a reasonable inspection of the premises in connection with the repair of the patent defect of which the landlord had notice would have revealed to the landlord the defective condition which resulted in the tenant's injuries. And, where, under an application of the foregoing rules of law, it appears from a petition that a tenant notified his landlord on numerous occasions that a stairway on the premises which he rented from the landlord was unsafe for use by virtue of the fact that the bottom step has rotted away, that the next to the bottom step has partially rotted away or split off, and that there is no handrail on the stairway, the landlord is chargeable with notice of all other defects in the stairway which a reasonable inspection in connection with the repair of the alleged defects would have revealed; and where it is further alleged that, unknown to the tenant, the step second from the top had rotted away on the underside, and that, when he stepped upon that step, a portion of the step broke off, causing him to lose his balance and to fall down the steps to the ground, as there was no handrail on the stairway, and causing him injuries from which he died—it was a question for the jury whether or not the defendant landlord could by a reasonable inspection have discovered the defective step, second from the top, in connection with his duty of repair of the other defects in the stairway of which he had been notified; and the question of proximate cause also being for the jury, the trial court erred in sustaining a general demurrer to the petition. It does not appear that the tenant was injured by use of that portion of the stairway by virtue of which the plaintiff says the stairway was unsafe, and we cannot say as a matter of law, even when the petition is construed most strongly against the plaintiff, that the tenant was not in the exercise of ordinary care for his own safety in using that portion of the stairway from which he fell, as it does not appear by allegation or inference that such portion was patently dangerous for use.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided March 9, 1955—Rehearing denied March 18, 1955.

*J. E. B. Stewart*, for plaintiff in error.
*Marvin G. Russell, Turner Paschal*, contra.