42988. SCOTT DEVELOPMENT COMPANY INC. et al. v. MUNN.

ARGUED SEPTEMBER 7, 1967—DECIDED OCTOBER 17, 1967.

*Marvin G. Russell, Turner Paschal*, for appellants.

*Haas, Dunaway, Shelfer & Haas, George A. Haas*, for appellee.

WHITMAN, Judge. The only error enumerated on this appeal is the failure of the trial court to sustain the defendants' general demurrer to the plaintiff's petition.

The plaintiff seeks a recovery for personal injuries which she allegedly received when she, while a tenant in an apartment project owned and operated by the defendants, opened the door of her apartment and began to descend the steps and stepped onto a child's skateboard which was concealed by a vine growing over the top step on which she had just placed her foot. It is

alleged in the petition that the defendants maintained possession and control over all the yards, paths, stairways, entries and grounds around the apartments and that the defendants employed agents and servants for the purpose of keeping the same repaired, clean, and clear of debris and foreign objects, and for the purpose of cutting and pruning the grass, shrubbery and other greenery. Nonetheless, it is alleged, as a result of not having been cut for six months prior to the date plaintiff was injured, that the grass was approximately a foot high and the vines were growing wild covering the plaintiff's step as well as other pedestrian areas. The defendants also knew, according to the allegations, that children's toys as well as bottles and other debris were constantly accumulating on the entries and stairways, but no effort was made to remove such debris or to warn plaintiff of their presence and that the skateboard was a part of the general accumulation which had been concealed by the wildly growing vines and rendered travel up and down the the steps dangerous.

The defendants admit in their brief that the petition sets forth sufficient allegations as to the defendants' alleged negligence to withstand a general demurrer. However, the defendants take the position, and we quote from their brief, that: "Plaintiff, had she looked, obviously could see the alleged vine growing on the step, and equally as obvious to step on a vine when descending steps is in and of itself dangerous since it could cause a person to trip and fall without any other object being involved. But to also step on a vine which from the allegations of the petition had grown sufficiently high to conceal objects such as toys, etc., that were allegedly accumulated in the area, is the grossest lack of care on the part of such a plaintiff, and in our opinion, should prevent any recovery."

The question presented for decision is whether the petition shows on its face as a matter of law that the plaintiff by ordinary care could have avoided the consequences to herself caused by the defendants' negligence. If so, then she is not entitled to recover. *Code* § 105-603.

"A general demurrer to a negligence action will be sustained on the ground of contributory negligence only where it appears

clearly, palpably and affirmatively that the plaintiff did not use the care that an ordinary person must be presumed to use to discover and avoid the negligence of another. *Misenhamer v. Pharr*, 99 Ga. App. 163, 166 (107 SE2d 875). The question is not whether the plaintiff might on inspection have ascertained the defect but whether he 'knowingly and voluntarily takes a risk of physical injury the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his safety.' *City of Columbus v. Griggs*, 113 Ga. 597 (1) (38 SE 953, 84 ASR 257)." *Smith v. 670 New Street, Inc.*, 111 Ga. App. 35, 37 (140 SE2d 495).

The situation in the present case is closely analogous, insofar as the question of contributory negligence is concerned, to the case of *Alexander v. Owen*, 18 Ga. App. 326 (89 SE 437). In that case this court held: "Whether or not the condition of the bottom step, of which the injured person had knowledge at the time she attempted the descent of the steps, was sufficient to charge her with knowledge of the defect in the particular step, the breaking of which produced the injury, and to show a want of ordinary care on her part in attempting to use the steps at all, is a question for determination by the jury." For similar holdings, see *Johnson v. Collins*, 98 Ga. 271 (26 SE 744); *Roach v. LeGree*, 18 Ga. App. 250 (89 SE 167); *Harris v. Riser*, 30 Ga. App. 765 (119 SE 432); *Miller v. Jones*, 31 Ga. App. 318 (120 SE 672); *Coker v. Murphey*, 66 Ga. App. 586 (18 SE2d 572); *Ball v. Murray*, 91 Ga. App. 686 (86 SE2d 706). See also *Durrett v. Tunno*, 113 Ga. App. 839 (149 SE2d 826).

Construing the allegations of the petition most strongly against the plaintiff, we do not find a clear, palpable and affirmative case of failure of the plaintiff to use ordinary care and diligence for her own safety. According to the allegations, the plaintiff was descending the stairs from her apartment. The defendants point out that she deliberately put her foot on the vine which had grown across the first step. However, this is of no consequence. It was not the vine that plaintiff alleges caused her injuries, but rather a skateboard hidden from view thereunder. Plaintiff alleges in her petition that "she could not, in the exercise of ordi-

nary·care, have seen and avoided the skateboard on which she fell." The petition does not show that plaintiff actually knew or should have known that placing her foot on the vine growing on her first step would be dangerous; nor was she required to conduct an inspection of the defendants' premises. There was no error in overruling the general demurrer.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*