17409.   CASSIDY *et al. v.* CULLENS.

STEPHENS, J.   1. Knowledge by a tenant that the floor in one of the rooms of the house which the tenant is occupying sags by reason of a leaning condition of one of the supporting pillars, and that it would be dangerous for a person to walk upon the floor in that room, is not necessarily knowledge that the floor of an immediately adjoining portion of the house outside the room, which does not sag but which is supported by a sill resting on the same leaning pillar, is also dangerous for use by one walking upon it. Where it does not appear that the tenant knew that the sill of the porch rested upon the pillar, and where it does not appear that such fact was patent to the ordinary observation of one occupying the house as a tenant, it can not be said as a matter of law that the tenant, with knowledge of the dangerous condition of the floor of one of the rooms, could by due care have discovered the dangerous condition of the floor in the portion of the house immediately adjoining. In a suit by the tenant against the landlords to recover for injuries sustained by the tenant by reason of the floor of the adjoining portion of the house falling in with the tenant and causing injuries, the petition is not subject to demurrer on the ground that it appears therefrom that the tenant, by the exercise of due care, could have discovered the dangerous condition of the floor, and that therefore the tenant's injuries were due to the tenant's own negligence. *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615).

2. A charge which inaccurately states a contention of one of the parties as presented by the pleadings and the evidence, but which substantially states such contention, is not necessarily harmful to the opposite party. In a suit by a tenant against the landlords to recover damages for injuries alleged to have been sustained by her as a result of the falling in of the floor of a porch of a house on the rented premises which she

Appeal and Error, 4 C. J. p. 1029, n. 30; p. 1032, n. 36.
Landlord and Tenant, 36 C. J. p. 223, n. 5; p. 224, n. 6; p. 250, n. 87; p. 253, n. 47.

was occupying as tenant, where the petition alleged that the sill which supported the porch connected with other supports of the house and rested upon the leaning pillar which acted as a support of the floor of the kitchen, and that by reason of this insecure condition of the porch the floor of the porch collapsed with the plaintiff, causing her certain injuries described, and where there was evidence in support of these contentions and also evidence that a sill supporting the porch and a sill supporting the kitchen both rested upon the pillar, which was rotten, and that the plaintiff did not know that the sill supporting the porch rested upon the pillar, or that the porch was in a dangerous condition, the charge of the court in the follqwing language, though perhaps inaccurate, substantially stated the plaintiff's contention and was in no wise harmful to the defendants: "The plaintiff contends . . that a certain sill under the kitchen or porch became rotten and in a dangerous condition, but that the sill connected with another sill of which she had no notice, and had no reason to suspicion that that sill was dangerous; that when she went upon the back porch, this other sill of which she had no notice fell," and caused her injuries.

3. The evidence authorized the inference that the injuries of the plaintiff were not due to the plaintiff's negligence or to her lack of due care, but that the injuries proximately resulted from the defendants' negligence in failing to discover the dangerous condition of the porch and to make the repairs necessary to remove this condition after due notice to the defendants from the plaintiff of the dangerous condition of the floor of the kitchen.

4. The verdict for the plaintiff was authorized, and no error of law appears. The judge of the superior court therefore did not err in overruling the certiorari.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 24, 1927.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones. April 17, 1926.

*Hunter & Daley,* for plaintiffs in error.

*Thomas A. Jacobs, Jr.,* contra. -