7049, 7050.    ALEXANDER *v.* OWEN (two cases).

WADE, C. J.    When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect. The failure of the landlord to repair in such a case would give the tenant a right of action for any damages sustained by him, and his use of that part of the premises which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the premises in a defective condition. *Stack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615).

(a) The petitions in both cases alleged that the wife of the tenant informed the agent of the landlord that the back steps of her house were in need of repair, and told him that she wished he would inform the landlord of the fact, so that the steps would be inspected and repaired where necessary; that the agent obeyed the request and the landlord was immediately notified of the condition of the said steps; that thereafter she was carefully and cautiously walking down the said steps, when, suddenly and "without any previous warning or indication, the middle step broke in two, and she fell heavily upon her side and back," incurring certain injuries for which she sued and for which her husband likewise sued. Both petitions allege that the bottom step had already rotted away, and that while the wife of the tenant knew this fact, she did not know of the dangerous condition of the middle step, and used all pos-

sible care and diligence. *Held*, that the trial judge did not err in over-ruling the general demurrers. Whether or not the condition of the bottom step, of which the injured person had knowledge at the time she attempted the descent of the steps, was sufficient to charge her with knowledge of the defect in the particular step, the breaking of which produced the injury, and to show a want of ordinary care on her part in attempting to use the steps at all, is a question for determination by the jury. "There is no allegation from which the inference can be drawn, as matter of law, that they were so obviously dangerous as to have put a prudent person upon notice of any danger which might result from their use; and, the demurrer to the declaration admitting the facts, it should have been overruled, and the questions of fact made in the case submitted to the jury." *Johnson* v. *Collins*, 98 *Ga.* 271, 274 (26 S. E. 744). *Judgment affirmed in both cases.*

DECIDED JUNE 28, 1916.

Action for damages; from municipal court of Atlanta. September 18, 1915.

*R. B. Blackburn*, for plaintiff in error, cited: Civil Code, §§ 3699, 3694, 4426; *Stack* v. *Harris*, 111 *Ga.* 151; *Alexander* v. *Rhodes*, 104 *Ga.* 807; *Ball* v. *Walsh*, 137 *Ga.* 350; *Donehoo* v. *Crane*, 141 *Ga.* 224; *Clements* v. *Blanchard*, 141 *Ga.* 311.

*Madison Bell, Dorsey, Brewster, Howell & Heyman*, contra, cited: Civil Code, §§ 3699, 3694; *Crook* v. *Foster*, 142 *Ga.* 715, 718; *Ross* v. *Jackson*, 123 *Ga.* 657; *Veal* v. *Hanlon*, 123 *Ga.* 642; *Ocean S. Co.* v. *Hamilton*, 112 *Ga.* 901; *Stack* v. *Harris*, 111 *Ga.* 149; *Aiken* v. *Perry*, 119 *Ga.* 263; *Miller* v. *Smythe*, 95 *Ga.* 288; *Henley* v. *Brockman*, 124 *Ga.* 1059-61; *White* v. *Montgomery*, 58 *Ga.* 204; *Whittle* v. *Webster*, 55 *Ga.* 180; *Marshall* v. *Cohen*, 44 *Ga.* 489; *Archer* v. *Blalock*, 97 *Ga.* 719; *Guthman* v. *Castleberry*, 48 *Ga.* 172; *Jackson* v. *Collins*, 98 *Ga.* 271; *MeYere* v. *Withers*, 15 *Ga. App.* 688; *Lumpkin* v. *Provident Loan Society*, 15 *Ga. App.* 816; *Cohen* v. *Brunson*, 14 *Ga. App.* 170; *Cassell* v. *Randall*, 10 *Ga. App.* 587; *Monahan* v. *Nat. Realty Co.*, 4 *Ga. App.* 680; *Clements* v. *Blanchard*, 141 *Ga.* 311, 312; *Donehoo* v. *Crane*, 141 *Ga.* 224; *Wall* v. *Walsh*, 137 *Ga.* 350.