### 15395.　McDONALD v. BLACKMAR.

LUKE, J. In this case a tenant sought to recover damages from a land-lord on account of an injury received by reason of the alleged defective construction of premises rented. The court properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 13, 1924.

Action for damages; from Muscogee superior court—Judge Munro. February 9, 1924.

Application for certiorari was denied by the Supreme Court.

In the plaintiff's petition as amended it is alleged: On February 19, 1923, and for several weeks prior to that date, the relation of landlord and tenant existed between the defendant and the petitioner, the petitioner then occupying as the defendant's tenant a described house and lot; and on that date and while the said relation existed, and while petitioner was preparing breakfast, at about six o'clock in the morning, she had occasion to carry from the wood-box in the kitchen of the said residence to a certain room in said house an armload of stove-wood; and, having placed several pieces of the wood on her left arm, to the height of her face and higher, she proceeded from the west side of the kitchen across the kitchen to a door in the east wall of the kitchen, leading to other parts of the house, and, just prior to reaching said door, and while exercising all due care and diligence, she stepped upon a board or plank which formed a part of the kitchen floor and which was about two feet from said door, and the plank gave way beneath her weight, plunging her leg through the hole or opening in the floor, in consequence of which she received injuries described. The plank gave way and injured petitioner as aforesaid because it was negligently and defectively constructed, in that it was laid in the floor without any support at all on one end of the plank, it being merely a short piece or remnant used to piece out a longer piece laid in the flooring from the west side of the kitchen to a point about two feet from the east wall, and beyond by several inches the last joist or sleeper running north and south, supporting the kitchen floor; and the said short piece commenced at the east wall and terminated at a point two feet from the east wall and three or four inches short of meeting the first joint or sleeper running north and southwest of the east wall, and the only support holding the said plank was the

narrow tongue or mortice joining it to the adjacent planks; and such support was entirely insufficient to prevent it from giving way and falling through when the weight of an adult person of average height and weight was placed squarely thereon, which must occur in the frequent and constant use of the kitchen floor by petitioner in the prosecution of her daily household duties. The failure so to lay the said plank as to give it support on both ends constituted a negligent and defective construction of the kitchen floor. The defendant has owned the premises for about twenty years, and by a reasonably diligent inspection, in the prosecution of his duty to keep the same in repair and in a reasonably safe condition for use by petitioner and tenants, should have ascertained that the floor was defectively and negligently constructed and in an unsafe condition, and corrected the same. Petitioner had occupied the premises only a few weeks, the floor appeared firm and sound from above, and the failure of the said plank to reach as far as the first joist, and the fact that it did not have any support except at one end, was not apparent to a casual inspection from above and in the kitchen, nor had petitioner any knowledge that the said plank was not so supported until the said accident, nor could she by the exercise of ordinary care and diligence have ascertained the defective, improper, and negligent construction of the floor. Petitioner was in the exercise of all reasonable care and diligence at the time of said accident, and could not in the exercise of such care and diligence have avoided it.

Petitioner alleges the following specific acts of negligence as being the sole and proximate cause of her injuries: Defendant was negligent in failing to discover and correct the said negligent and defective construction of the premises in the course of his many years ownership and rental, so as to render the same safe for the usual and ordinary use thereof by petitioner as his tenant. Defendant was negligent in permitting said flooring to remain so laid in an unsafe and unworkmanlike condition over the course of many years ownership and control, knowing that said plank would not bear the usual and ordinary weights placed upon it in its daily use by a tenant. Defendant was negligent "in that he gave [ ?] your petitioner warning of the unsafe and defective construction of said flooring, nor any warning that said board or plank was so insecurely and defectively laid as aforesaid, to permit her to avoid placing her

weight squarely on said board, and to thus avoid injury from its defective construction and ·insecure position." Defendant was negligent in that he rented to petitioner the said premises with knowledge that petitioner was to use the premises as a dwelling house or domicile, when, by reason of the defective and negligent construction of the kitchen floor as aforesaid, and the consequent danger to occupants of the premises, the premises were unfit for the purpose for which they were rented, and not in a condition suitable for use as a dwelling house, the purpose for which they were rented from the defendant..

In the demurrer it was contended, that no cause of action was set out; that no facts were alleged to show how the defendant, by the exercise of ordinary care, could have discovered the alleged defect; that the petition shows that the defendant could not, by the exercise of ordinary care, have discovered the alleged defects before the injury; that the petition, being most strongly construed against the plaintiff, shows that the defendant did not discover the defective condition of the floor before the injury; that the petition shows that if the defendant was negligent, the plaintiff was equally or more negligent; and that no facts are alleged to show why the plaintiff could not have discovered the defective condition of the floor by the exercise of ordinary care.

*W. Paul Miller, Theo. J. McGee,* for plaintiff, cited: 20 *Ga. App.* 203 (3); 4 *Ga. App.* 680; 6 *Ga. App.* 80; 18 *Ga. App.* 248; 24 *Ga. App.* 94; 55 *Ga.* 180; 44 *Ga.* 489; 56 *Ga.* 11; 58 *Ga.* 204 (1).

*A. W. Cozart, J. E. Chapman,* for defendant, cited: 112 *Ga.* 901 (1, 2); 30 *Ga. App.* 462 (2 *a*); 20 *Ga. App.* 203.