DECIDED DECEMBER 18, 1933.

23210. KRAPF *v.* STERNBERG.

DECIDED DECEMBER 18, 1933.

*Oliver & Oliver, Joseph M. Oliver,* for plaintiff in error.
*Gazan, Walsh & Bernstein,* contra.

BROYLES, C. J. Mrs. Belle Sternberg brought suit against Max Krapf for damages on account of personal injuries, alleging in substance that her husband, with whom petitioner was living, was a tenant of defendant; that one of the steps leading from the rear of the rented house to the back yard caved in with petitioner, resulting in certain described injuries; that defendant had received repeated notice that the stairway needed repairing, that he had made an examination thereof, and knew or should have known of the rotten condition of one of the steps thereof; that "the step through which she fell did not appear dangerous for her to step upon," and that she was in the exercise of ordinary care in going upon said step; that the repairs that were needed were general repairs as the

stairway was shaky; that petitioner had known for about three months that the stairway was shaky and needed repairing, but "had no knowledge that the steps were rotten;" that her injuries were due to the negligence of defendant. The court overruled the defendant's general and special demurrers to the petition as amended, and the defendant assigns error on that ruling.

The burden of the contention of the defendant is that the plaintiff, knowing that the stairway needed repairing, knew or should have known of the dangerous condition of the rotten step therein, and, therefore, was guilty of a want of ordinary care in using the stairway. This contention, under the circumstances of the case, is without merit. It is a matter of common knowledge that steps may be rotten on the underside and such condition not be apparent when viewed from the upper side which is exposed to view of one using them. The fact that the stairway was shaky would indicate that its foundation or underpinning was in need of repair, but does not necessarily mean that the foundation or underpinning was so obviously or apparently defective as to render the stairway dangerous to use, even had plaintiff been injured because of a defect in that portion of the stairway. The fact that the stairway was shaky certainly did not put plaintiff on notice that a particular step therein was rotten, and there is nothing in the petition to show that she knew that the step was rotten. On the contrary, the petition plainly alleges that "the step through which she fell did not appear to be dangerous for her to step upon," and that she "had no knowledge that the steps were rotten." The defendant having upon him the duty of keeping his rented house in a safe condition, and having been notified that the stairway needed repair, and having made an examination thereof, he knew, or should have known of the rotten step therein. In *Alexander* v. *Owen,* 18 *Ga. App.* 326, it is held: "When rented premises become out of repair, it is the duty of the tenant to notify the landlord of this fact, and also to abstain from using any part of the premises the use of which would be attended with danger. But even after notice to the landlord the tenant has a right to use those parts of the premises which are apparently in good condition, if there is nothing to call his attention to what may be a hidden defect. The failure of the landlord to repair in such a case would give the tenant a right of action for any damages sustained by him, and his use of that part of the premises

which was in an apparently sound condition would not preclude him from recovering, notwithstanding he had knowledge that there were other parts of the premises in a defective condition. *Stack* v. *Harris*, 111 *Ga.* 149, 151 (36 S. E. 615). (a) The petitions in both cases allege that the wife of the tenant informed the agent of the landlord that the back steps of her house were in need of repair, and told him that she wished he would inform the landlord of the fact, so that the steps would be inspected and repaired where necessary; that the agent obeyed the request and the landlord was immediately notified of the condition of the said steps; that thereafter she was carefully and cautiously walking down the said steps, when, suddenly, and 'without any previous warning or indication, the middle step broke in two, and she fell heavily upon her side and back,' incurring certain injuries for which she sued and for which her husband likewise sued. Both petitions allege that the bottom step had already rotted away, and that while the wife of the tenant knew this fact, she did not know of the dangerous condition of the middle step, and used all possible care and diligence. *Held,* that the trial judge did not err in overruling the general demurrers. Whether or not the condition of the bottom step, of which the injured person had knowledge at the time she attempted the descent of the steps, was sufficient to charge her with knowledge of the defect in the particular step, the breaking of which produced the injury, and to show a want of ordinary care on her part in attempting to use the steps at all, is a question for determination by the jury. 'There is no allegation from which the inference can be drawn, as matter of law, that they were so obviously dangerous as to have put a prudent person upon notice of any danger which might result from their use; and the demurrer to the declaration admitting the facts, it should have been overruled, and the questions of fact made in the case submitted to the jury.' *Johnson* v. *Collins*, 98 *Ga.* 271, 272." The facts of the instant case, though almost parallel with those of the *Alexander* case, present a somewhat stronger case for the plaintiff. It will be noted that the plaintiff in the *Alexander* case not only knew that the back steps were in need of repair (having notified the landlord to that effect), but also knew that one of the steps was rotten; and yet when she was injured by another step breaking in two, the court held that there was no inference, as a matter of law, that they were obviously dan-

gerous, and that the case should go to a jury. See *Johnson* v. *Collins*, 98 *Ga.* 271; *Miller* v. *Smythe*, 92 *Ga.* 154 (2), 158 (2); *Harris* v. *Riser*, 30 *Ga. App.* 765; *Miller* v. *Jones*, 31 *Ga. App.* 318.

The petition as amended set out a cause of action, and the court did not err in overruling the general demurrer thereto.

The assignment of error upon the judgment overruling the special grounds of the demurrer is not argued or insisted upon in the brief of counsel for the plaintiff in error and is treated as abandoned.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*