24091. DESSAU *et al. v.* ACHORD.

DECIDED JANUARY 26, 1935.

*Harris, Russell, Popper & Weaver,* for plaintiffs in error.
*Thomas A. Jacobs Jr.,* contra.

BROYLES, C. J. Mrs. Achord brought a suit for damages against Washington Dessau and J. Freeman Hart for personal injuries. The petition contained two counts. The first count alleged, in substance, that she was living in a certain house in the city of Macon, occupying it as house manager for the defendants; that she was called upon to visit different portions of the premises; that while walking down the hall, plastering fell upon her and injured her; that prior to this time she had constantly requested the defendants to inspect and make repairs of the plastering; that a few days before her injury she had a negro (sent there by the defendants to do other work) to knock down all the loose plastering in other parts of the premises, and, not being familiar with the ingredients that went into plastering, she thought there was no danger of the falling of any of the remaining plastering; that if the defendants, after being notified, had the plastering examined and inspected,

and properly repaired, the defective plastering that fell upon her could have been discovered and her injury prevented; that she was exercising ordinary care and diligence, and the defects of the plastering which fell upon her were hidden and not apparent to her, and could not have been discovered by her in the exercise of ordinary care; that she refrained from going under plastering that showed any sign of being defective or dangerous; that had the defendants been in the exercise of ordinary care and diligence, she would not have been injured; that the defendants were negligent in failing to have the premises examined, inspected, and repaired, so as to keep them reasonably safe for occupancy; that she was a tenant of the defendants, and paid her rent in service as house manager.

The second count alleged substantially as above, except that she alleged she was a servant of the defendants, it being her duty as such employee to supervise, rent, and show the apartments to prospective tenants, and to be upon the premises at all times for convenience of tenants therein; that the defendants paid her for her services by giving her an apartment in said building free of rent; that the defendants, after receiving notice of the condition of the plastering, assured her that the premises were safe; that the defendants retained general supervision over the premises; and that they were negligent in failing to keep the premises in a reasonably safe condition.

The defendants' general demurrer to each count was overruled, and on this judgment error is assigned.

It will be noted that the first count is based upon the relation of landlord and tenant, and the second on that of master and servant. Of course if a tenant exposes herself to a plain, obvious, and apparent danger, her recovery for a resulting injury is precluded. But the petitioner in the instant case alleges that the defects in the plastering that fell upon her were hidden, and that, in the exercise of ordinary care, she could not discover them; but that had the defendants made a proper inspection, as was their duty after being notified of the defective condition, the defects could have been discovered and repaired. A tenant may continue in premises with knowledge of a defect therein, unless the defect is plainly dangerous, and whether the tenant's knowledge of the defect is sufficient to charge her with knowledge of the danger is a question to be deter-

mined by the jury. *Alexander* v. *Owen,* 18 *Ga. App.* 326 (89 S. E. 437) ; *Harris* v. *Riser,* 30 *Ga. App.* 765 (119 S. E. 432) ; *Cohen* v. *Phipps,* 33 *Ga. App.* 431 (126 S. E. 881) ; *Wolbe* v. *Jossey,* 42 *Ga. App.* 612 (157 S. E. 233) ; *Krapf* v. *Sternberg,* 48 *Ga. App.* 130 (172 S. E. 69) ; *Johnson* v. *Collins,* 98 *Ga.* 271 (26 S. E. 744). While the tenant must avoid obvious dangers, the law does not impose upon her the duty of making a thorough examination of the landlord's property in order to ascertain hidden dangers; but "when the landlord is notified that the premises are out of repair, it becomes his duty to inspect and investigate in order that he may make such repairs as the safety of the tenant requires." *Slack* v. *Harris,* 111 *Ga.* 149, 151 (36 S. E. 615) ; *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (3, 4) (107 S. E. 563) ; *Turner* v. *Dempsey,* 36 *Ga. App.* 44 (135 S. E. 220) ; *Cassidy* v. *Cullens,* 36 *Ga. App.* 469 (137 S. E. 130).

The second count alleges that the defendants retained general supervision of the premises, and did not furnish the petitioner with a reasonably safe place to work; and that the defects which caused her injuries were unknown to her. A servant "has the right to assume that his master has performed the duty of furnishing him with a safe place to work, and is under no obligation to inspect the same in order to discover latent defects not open to ordinary observation. A danger arising from an unsafe place is not included among the risks assumed by the servant. . . The duty of inspection rests upon the master and not upon the servant." *N., C. & St. L. Ry.* v. *Hilderbrand,* 48 *Ga. App.* 140 (3, 4) (172 S. E. 87). It is further alleged in the second count that the defendants, after receiving notice of the defective plastering, "were negligent in assuring petitioner the premises were safe." "Where the master says 'it is safe,' the law will construe these words as such a warranty that a breach of it will release the servant from the assumption of the risk." *Bush* v. *West Yellow Pine Co.,* 2 *Ga. App.* 295, 298 (58 S. E. 529) ; see also *Shue* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 714 (65 S. E. 697) ; *Massee & Felton Lumber Co.* v. *Ivey,* 12 *Ga. App.* 583 (77 S. E. 1130) ; *Cherokee Brick Co.* v. *Hampton,* 16 *Ga. App.* 53 (84 S. E. 328). Whether the plaintiff was lacking in ordinary care was a question for the determination of the jury (*Southern Bell Telephone Co.* v. *Shamos,* 12 *Ga. App.* 463, 77 S. E. 312), as are all questions of diligence and negligence, "and the

court will decline to solve them on demurrer except in plain and indisputable cases." *Mattox* v. *Lambright*, 31 *Ga. App.* 441, 448 (120 S. E. 685) ; *Moore* v. *Sears*, 42 *Ga. App.* 658 (157 S. E. 106).

Neither count of the petition as amended was subject to general demurrer, and the court properly so held.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*