33569. KIMPSON *v.* WINGO.

Decided June 22, 1951.

*Sams, Wotton & Sams,* for plaintiff in error.

*C. Baxter Jones Jr.,* contra.

FELTON, J. ■ Special ground 7 of the amended motion for a new trial will be considered with the general grounds. The plaintiff in error contends that plaintiff's cause of action must fail because any liability of the defendant depends on plaintiff's proving the existence of the latent defect alleged, that is, "the

beam under the flooring of said porch collapsed under plaintiff's weight because it was defective in that it was rotten through and through", and that plaintiff failed to prove that such beam was rotten. Lum Broome testified in part: "This plank was broken all the way through. After it was broken, you could see the sill, and it was rotten." Sidney Abrams testified in part: "I looked at the floor of that porch some time after this accident, to find out what was underneath it. The sill under it was rotten." John Wingo testified in part: "The two by four was rotten where it cracked and pulled off. The two by four ran this way (indicating); here is the door step, and the two by four was along here; and where it was rotten at, it broke loose." The jury was authorized to reconcile the conflicting evidence as to the condition of such beam and to find that the beam was rotten as alleged. The theory of recovery relied upon by plaintiff is not that defendant had notice of the latent defect of a rotten beam or sill, but that defendant had notice of a patent defect, the sagging of the porch, and that by using ordinary care within a reasonable time after notice of the patent defect in repairing such defect the latent defect could have been discovered. This theory is a correct principle of law and will afford a basis for recovery if proved. *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615); *Grant* v. *Smart,* 82 *Ga. App.* 80 (60 S. E. 2d, 379). The plaintiff testified in part as to the patent defect and notice thereof to the defendant: "I had complained frequently to Mazena Kimpson about the flooring in the kitchen, and on the back porch of that house. The floor in the kitchen and on the back porch had sagged just about enough for me to run my hand underneath the moulding— probably an inch and a half. . . I told Mazena Kimpson, my landlord, that this needed fixing, and she said, I can't do it now. . . I had told her three times about that floor and porch needing repair. . . I had been telling her about it for a year." The plaintiff testified: "I called her attention to the defective condition of the porch in March, and the alleged accident happened April 20th. . . When I first noticed the condition of the porch floor, it had pulled out just about an inch." From the evidence introduced the jury was authorzied to find that a patent defect did exist, to wit, the sagging of the

porch; that the defendant had notice of such defect; that if defendant had repaired the patent defect, she, in the exercise of ordinary care, would have discovered the latent defect, the rotten beam or sill; and that a reasonable time for repair after notice had elapsed. The plaintiff in error contends that admitting the defective condition of the porch, plaintiff's own negligence in using the porch while she knew it was in a defective condition was the proximate cause of her injuries. "Even after the tenant may have notice of defects in the premises, she may yet continue to use the premises, including the part of the premises which are defective, if she does not know they are dangerous or has no reasonable ground to suspect such to be the fact. Her use of them could not be legally considered negligent." *Mathis* v. *Gazan*, 51 *Ga. App.* 805 (181 S. E. 503). The plaintiff testified: "As to which side of the porch I walked on—in the middle, because the sag did not seem to have anything to do with my walking across the porch; I did not know the beam under there was rotten." The questions as to whether or not the porch was apparently safe to use and whether or not plaintiff was negligent in using the porch knowing of the sagging condition were questions for the jury. *Alexander* v. *Owen*, 18 *Ga. App.* 326 (89 S. E. 437); *Dessau* v. *Achord*, 50 *Ga. App.* 426 (178 S. E. 396), and there was sufficient evidence to authorize the jury to find for the plaintiff.

■ Ground 4 of the amended motion assigns error on the court's refusal to charge upon timely request the following: "I charge you that if Eva Wingo knew that the porch or house was defective or not in repair and you find that she used the defective premises and that this act on her part was the proximate cause of injury, if you find that she received any, then and in this event I charge you that she would not be entitled to recover." The court did not err in refusing to so charge as such was not a correct principle of law. This charge would have taken away from the jury's consideration the apparent safety in using the defective premises with knowledge of the patent defect but without knowledge of the latent defect alleged to have caused the injuries.

■ Ground 5 of the amended motion complains of the court's refusal upon request to charge: "Gentlemen, I charge you that

Eva Wingo, a tenant, has no right of action against a landlord for injuries sustained while attempting to pass from the back yard over a porch which was defective if she, Eva Wingo, had previous knowledge and had complained that the back porch was out of repair. I further charge you that this would be true notwithstanding an emergency to leave the back yard at the particular time and place to answer a telephone or for any other purpose if such an emergency could not have been foreseen by the landlord." The court did not err in refusing to charge the above requested charge or the charge set out in ground 6 of the amended motion because such charges were not legally correct in that they would have allowed the jury to find that plaintiff could not recover because she used the porch knowing of the patent defect even though the porch seemed safe to use even with the existence of the patent defect. Se *Mathis* v. *Gazan*, supra. Plaintiff predicates her right to recover on injuries received due to a latent defect in the supporting beams of the porch and not upon the patent defect of the sagging. Also, to have charged the above quoted charge would have injected into the trial the unauthorized issue of emergency use of the defective premises which issue was not involved in the case.

■ Ground 8 of the amended motion assigns error on a certain charge given by the court. The charge merely stated the contentions of the plaintiff and the court may charge the contentions of the parties. *Atlantic Coast Line R. Co.* v. *Ansley*, 84 *Ga. App.* 89 (3) (65 S. E. 2d, 463).

■ Grounds 9 and 11 of the amended motion assign error on the charge of the court: "I charge you that the landlord must keep rented premises under repair. . ." Even if the above quoted portion of the court's charge, which on the assignment of error is lifted from its context, is error, it is harmless error in that defendant admitted that the porch did sag, constituting a patent defect, and that she knew of such patent defect a month before the occurrence of the injuries complained of, and the jury was authorized to find that a duty arose on the part of the landlord to repair the defective premises after notice thereof, and the court so charged the jury.

■ Ground 10 of the amended motion is without merit.

The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*