34279. SHATTLES *v.* BLANCHARD.

DECIDED OCTOBER 17, 1952.

*E. C. Harvey Jr., E. T. Hendon Jr.*, for plaintiff in error.

*Robert S. Dennis, Barrett & Hayes, L. F. Wynne Sr.*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Code § 61-111 provides as follows: "The landlord must keep the premises in repair, and shall be liable for all substantial improvements placed upon them by his consent." Where the landlord has fully parted with possession and right of possession, he must have reasonable notice of the defective condition of the premises as a condition of liability therefor. *Davis* v. *Hall*, 21 *Ga. App.* 265, 268 (94 S. E. 274); *Ocean Steamship Co.* v. *Hamilton*, 112 *Ga.* 901 (38 S. E. 204); *Ledbetter* v. *Gibbs*, 19 *Ga. App.* 485 (91 S. E. 875). Notice of a defect given by the tenant to the landlord charges the latter with notice of any and all other defects such as might reasonably have been discovered by a compliance with a request for repairs. *Stack* v. *Harris*, 111 *Ga.* 149 (36 S. E. 615). It is the contention of the defendant here that since the petition alleges that the right side of the fifth stair tread broke off on February 19, 1952, at which time the landlord received immediate notice thereof, and the plaintiff's injuries from stepping on the left side of the same step occurred on February 21, only two days later, this was not, as a matter of law, reasonable notice, or a reasonable time within which the defendant should have repaired the stairway, and that for that reason the petition fails to set out a cause of action.

The petition reveals that the only means of ingress to and egress from the plaintiff's second floor apartment was the outside stairway in question. This was necessarily known to the landlord, since a landlord must be charged with knowledge of the physical construction of his own premises. It therefore appears that the plaintiff had no choice, other than to use the stairway in question in some manner or to abandon the premises completely. The landlord must also be charged with knowledge of this fact. What constitutes a reasonable time for the performance of an act which must be performed within a "reasonable time" is ordinarily a jury question, to be determined under all the facts and circumstances of the case, and a time that might be reasonable under one set of circumstances might not be reasonable under other conditions. *Moore* v. *Lawrence*, 192 *Ga.* 441, 443 (15 S. E. 2d, 519); *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (3) (58 S. E. 200). It is obvious that there would be greater necessity for repairing a stairway promptly if it were the only means of access to an apartment than if it were possible for the tenant to enter by some other way. This being the case, this court would hesitate to hold as a matter of law that the two days' notice would be insufficient as notice to the landlord of this defect, and feels that the matter should properly be left to the decision of the jury, which is the proper rule applicable to questions not so clear and palpable as to admit of only one determination in the minds of reasonable men. See *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S. E. 2d, 18) and citations therein.

■ The other contention of the defendant is that the petition shows on its face that the plaintiff was not in the exercise of ordinary care for her own safety in stepping upon the fifth step, since she had actual knowledge of its defective condition. In this regard, the petition alleges that the only apparent defect of the step was that a piece of the leading edge of the right side about twelve inches long and two inches wide had broken off. The petition further alleges that the stairway had been recently painted; that it looked to be in good condition, and appeared reasonably sturdy and safe to use, whereas the step was rotten under the paint and not in a condition to support her weight. She further alleges that she carefully stepped on the extreme

left side of this step and as far as possible away from the right side from which the edge had been broken off. This case differs from that of *Jackson* v. *Thom*, 80 *Ga. App.* 673 (57 S. E. 2d, 234) which held that notice to the landlord concerning the defective condition of one step in a stairway was not sufficient to put him on notice that another step in the same stairway was in the same defective condition, or, if it was such notice, then the plaintiff was equally chargeable with knowledge that the other step on which she was injured was also defective. While in that case the landlord might easily have fixed the eighth tread without noticing the defective condition of the seventh tread, here it cannot be said that the landlord could have replaced the right half of the fifth tread without examining the tread as a whole and thereby discovering its rotten condition, whereas to the plaintiff the painted surface on which she stepped appeared to be in sound condition. Ordinarily, whether or not the plaintiff was in the exercise of ordinary care for her own safety is a question for the jury, and when she has no reasonable ground for suspecting that the part of the stairway which she uses is dangerous, and it does not appear from the petition that persons of ordinary prudence would, under the circumstances, have been put on notice of their obvious danger, this question should be submitted to the jury. See in this connection *Johnson* v. *Collins*, 98 *Ga.* 271, 273 (26 S. E. 744). As was pointed out in *Krapf* v. *Sternberg*, 48 *Ga. App.* 130 (172 S. E. 69): "It is a matter of common knowledge that steps may be rotten on the underside and such condition not be apparent when viewed from the upper side, which is exposed to view of one using them." Except in clear and palpable cases, it is a jury question as to whether the plaintiff was in the exercise of ordinary care for her own safety. See *Miller* v. *Jones*, 31 *Ga. App.* 318 (120 S. E. 672); *Alexander* v. *Owen*, 18 *Ga. App.* 326 (89 S. E. 437); *Dessau* v. *Achord*, 50 *Ga. App.* 426 (178 S. E. 396).

The trial court erred in sustaining the general demurrers and dismissing the petition, since the petition, even without amendment, was sufficient as against a general demurrer.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*