41910.   HARPER v. GREEN.

Submitted April 4, 1966—Decided April 29, 1966.

*Rich, Bass & Kidd, Casper Rich,* for appellant.
*John L. Respess, Jr.,* for appellee.

EBERHARDT, Judge. ■ The evidence did not demand a verdict for the plaintiff in view of the contract between the parties that plaintiff would do the repairs and defendant would then sell the car and divide the proceeds equally between them. Plaintiff, urging the defendant to bring the car in and sell it for that purpose, recognized that a loss might result to both. Consequently, under that contract his entitlement might have been less than the amount of the account sued on.

Although it appears that the car was either not sold and was kept hidden out by the defendant, or was sold and defendant had failed to account for the proceeds, there is no evidence as to the value of the vehicle in its repaired condition or as to what it should have brought on a fair sale.

Whether a recovery on the contract would have been authorized under the pleadings here is not a question now before us. We do no more than to hold that in the light of the plaintiff's own evidence a verdict upon the open account was not demanded and the first grant of a new trial was not error. *Code Ann.* § 6-1608.

■ Appellant enumerates as error the failure of the reporter to certify as to the correctness of the transcript when it was filed with the clerk of the trial court. This is without merit. The defect was amendable. Appellant makes no assertion of any error or incorrectness in the transcript. Either party might have objected to the filing of the uncertified transcript and, if necessary, could have moved for a hearing to get a certified transcript filed or have errors corrected if they appeared.. *Code Ann.* §§ 6-806, 6-807. But, by having failed to do so, he waived the objection.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*