42273. CARMACK v. OGLETHORPE COMPANY.

ARGUED SEPTEMBER 9, 1966—DECIDED OCTOBER 10, 1966— REHEARING DENIED OCTOBER 26, 1966—

*E. T. Hendon, Jr.,* for appellant.

*Spearman, Bynum & Goodwin, W. L. Spearman, B. Hugh Burgess,* for appellee.

FELTON, Chief Judge. ■ The notice of appeal was filed on October 18, 1965, the transcript of evidence was filed in the trial court on July 18, 1966, and the case was docketed in this court on July 19, 1966. Appellee filed a motion to dismiss the appeal on the ground that the transcript of evidence was not filed within 30 days after the filing of the notice of appeal, as required by *Code Ann.* § 6-806 (Ga. L. 1965, pp. 18, 26, Appellate Practice Act of 1965, § 11).

Under the provisions of *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21) the time for filing the transcript of evidence *may,* without motion or notice to the other party, be extended by the trial judge or by any justice or judge of the appellate court to which the appeal is taken. Such extensions will not be granted, however, by either appellate court. Rule 7 of the Supreme Court; Rule 12 of the Court of Appeals. *Code Ann.* § 6-806 (Ga. L. 1965, pp. 18, 26) goes further by providing that ". . . [i]n all cases, it shall be the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript of evidence and proceedings." (Emphasis supplied.) *Code Ann.* § 6-808 (Ga. L. 1965, pp. 18, 28; Ga. L. 1966, pp. 493, 497) provides in part as follows: "If for any reason the clerk is unable to transmit the record and transcript within the time hereinbefore required, or

when an extension of time was obtained under section 6 [*Code Ann.* § 6-804] hereof, he *shall* state in his certificate the cause of the delay, and the appeal *shall not* be dismissed." (Emphasis supplied.)

The record in the present case does not contain any motion or application for an extension of time, or any court order granting such extension, or any statement in the clerk's certificate of the cause of the delay. Although the language of § 6-808 is mandatory as to such certificate, the direction that the appeal shall not be dismissed is not necessarily conditioned upon such statement being included, it being provided that the cause of the delay is to be stated *and* the appeal shall not be dismissed. Such errors are amendable defects. *Harper v. Green,* 113 Ga. App. 557 (2) (149 SE2d 163). This is confirmed by the fact that the three specified grounds for dismissal of appeals do not include the present situation. The cases dismissing appeals for failure to file timely the enumeration of errors are not a basis for dismissal; this ground was removed by amendment, Ga. L. 1966, pp. 493, 500. The second sentence of *Code Ann.* § 6-809 (b) is sufficiently inclusive and specific to place the burden on the appellate courts generally to take whatever action is necessary to avoid dismissals on procedural grounds. Since the transcript of evidence is now before this court, making unnecessary any action by this court to perfect the appeal and record, and since the Act does not provide for dismissal for late filing of the transcript of evidence, the appeal will be decided on its merits. The motion to dismiss is denied.

■ The basis of the nonsuit was that the plaintiff had continued to use the stairway with actual knowledge of its dangerous condition. "Where a tenant is injured as a result of defects in a part of the rented premises which he continued to use after knowledge that such part of the premises was in a defective *and unsafe* condition, the failure on the part of the tenant to exercise ordinary care for his own safety by refraining from the use of such portion of the premises and thus avoiding the consequences to himself caused by the landlord's negligence in failing to repair will be held to be the sole proximate cause of the injuries sustained. [citations]." (Emphasis supplied.) *Tay-*

*lor v. Boyce,* 105 Ga. App. 434 (1) (124 SE2d 647). "We should not confuse 'notice of defects' with 'knowledge of danger.' Even after the tenant may have notice of defects in the premises, she may yet continue to use the premises, including the part of the premises which are defective, if she does not know they are dangerous or has no reasonable ground to suspect such to be the fact. Her use of them could not be legally considered negligent." *Mathis v. Gazan,* 51 Ga. App. 805, 808 (181 SE 503). "Knowledge of a defect does not in and of itself constitute knowledge of danger inherent in the defect. Whether or not under the circumstances of this case the plaintiff was so contributorily negligent as to be barred would be a question for a jury to decide." *Canfield v. Howard,* 109 Ga. App. 566 (5) (136 SE2d 431) and cit; *Kimpson v. Wingo,* 84 Ga. App. 189, 191 (1) (65 SE2d 837); *Krapf v. Sternberg,* 48 Ga. App. 130 (172 SE 69); *Alexander v. Owen,* 18 Ga. App. 326 (89 SE 437).

There was evidence that the plaintiff had physically occupied the apartment for approximately ten days prior to her fall; that at night, when they went to bed and someone used the steps, the landing would make a squeaking noise sufficient to wake a person sleeping and her husband had complained of the noise; that the only things that indicated that the landing or steps were loose were the facts that "[w]hen you stepped on them and it would lower, and the noise would be so loud"; that although she could tell it was loose, there was nothing apparent to her or to the eye that there was anything wrong with the steps so that anyone might get hurt on them; that she noticed this squeaking noise on the first night of their occupancy and reported it to defendant's manager's office; that two maintenance men came to the apartment and looked at the steps and the bathroom, about which she had also registered a complaint, but made no repairs at that time; that these men came back the next day and made repairs in the bathroom but not to the steps; that, as she started down the lighted stairway to get her little girl some water, she was "thinking that the level wasn't sturdy"; that when she stepped on the level, or platform, she was "thinking that it was going to be sturdy, not thinking it was going to sink as much as it did"; that when she stepped onto the platform, it

sank and she lost her balance, falling down the entire flight of stairs; that the stairway was the only means of ingress and egress to the upper floor of the apartment, which contained bedrooms and bathroom; that no one, to her knowledge, had damaged the landing after she commenced occupancy of the premises.

Although the evidence demanded a finding that the plaintiff continued to use the stairway with actual knowledge of its *defective* condition, it cannot be said, as a matter of law, that she knew its condition was dangerous and unsafe, which would make her use of it contributory negligence, which would bar her recovery for injuries thus sustained. The plaintiff was diligent in reporting the defect to defendant and the jury might have found that she was justified in assuming that the defect was not dangerous from the fact that defendant's own repairmen inspected the step one day then made repairs only to other parts of the premises the next day, apparently indicating that the steps were not in need of repair, at least to make them safe. Even if the steps were in need of repair, however, defendant might be held liable for plaintiff's injuries if they were caused by a latent dangerous condition which a reasonable inspection would have revealed. *Canfield v. Howard*, 109 Ga. App. 566, supra, (3) and cit. Furthermore, even if a jury should decide that the defendant had not had a reasonable time within which to make any necessary repairs after being notified of the defect, it might find that the failure to warn the plaintiff that the stairway was dangerous on the part of defendant's agents, upon whose opinion she might be found to be entitled to rely, would subject defendant to liability. On a motion for nonsuit the evidence and all legitimate inferences therefrom should be construed in favor of the plaintiff. *Caldwell v. Knight*, 92 Ga. App. 747 (2) (89 SE2d 900). The evidence, thus construed, raised questions of negligence, contributory negligence, cause, proximate cause, etc., which should have been submitted to a jury for determination.

The court erred in its judgment granting a nonsuit.

*Judgment reversed. Frankum, J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I concur with the re-

sult reached in Division 1 and Division 2 of the opinion and the judgment of the court, but I cannot concur with the intimations in Division 1 of the opinion that Section 13b of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 29) as amended by Section 10 of the Act of 1966 (Ga. L. 1966, pp. 493, 500), and which provides certain grounds for dismissal of an appeal, is controlling on this court. The legislature has the right to determine the method of appeal to this court, but it has no right to determine the grounds for dismissal of an appeal.