42348.   ELLIOTT v. LEATHERS et al.

FRANKUM, Judge.   1.   "The solemn duty devolves upon this
court to inquire into its jurisdiction to entertain each appeal
and review the alleged errors of the trial court. *Byrd v.
Goodman,* 192 Ga. 466 (1) (15 SE2d 619). The jurisdiction
of an appellate court to consider an appeal depends upon
whether the appeal is taken in substantial compliance with
the rules of appellate procedure prescribing the conditions
under which the judgment of the trial court may be con-
sidered appealable." *Gibson v. Hodges,* 221 Ga. 779, 780
(1) (147 SE2d 329).

2. Section 6 of the Appellate Practice Act of 1965 (Ga. L. 1965,
pp. 18, 21; *Code Ann.* § 6-804) provides, with reference
to the granting of extensions of time for filing the transcript,
that "any judge of the trial court  .  .  .  may, in his dis-
cretion, and without motion or notice to the other party,
grant extensions of time for the filing of  .  .  .  [the] tran-
script of the evidence and proceedings on appeal. .  . Any
application to any court, justice or judge for an extension
must be made before expiration of the period for filing as origi-
nally prescribed or as extended by a permissible previous
order." The Appellate Practice Act further provides that
the party having the responsibility of filing the transcript
shall cause it to be filed within 30 days after the filing of
the notice of appeal or designation by the appellee as the
case may be, unless such time is extended as provided in
Sec. 6 (Ga. L. 1965, pp. 18, 26, § 11; *Code Ann.* § 6-806).

3. In the instant case the notice of appeal was filed on April 5,
1966.   On May 10, 1966, 35 days thereafter, appellant, as
shown by order of the court, "presented to the court a mo-

tion" for an extension of time to file the transcript, and on May 12, 1966, an order extending the time 90 days for the filing of the transcript was granted. In *Davis v. Davis*, 222 Ga. 579 (151 SE2d 123), the Supreme Court held, where the transcript was not filed within the time prescribed by law or within the time allowed by any extension granted by the trial court pursuant to the provisions of Sec. 6 of the Appellate Practice Act, that that court did not have jurisdiction of the case and that the appeal must be dismissed. The application for an extension here was not made within the time originally provided by law for the filing of the transcript. The language of the Act is mandatory, and under the ruling of the Supreme Court in the *Davis* case, this appeal must be dismissed.

4. If it should be contended that the case of *Carmack v. Oglethorpe Co.*, 114 Ga. App. 512 (151 SE2d 799), be a precedent for a conclusion different from that which we have reached in this case, we need only to point out that that case was decided in this court 4 days after the decision of the Supreme Court in the *Davis* case, supra, and at a time, of course, when that decision had not been published in pamphlet form or knowledge thereof otherwise disseminated so as to afford this court notice of its holding. A rehearing was denied in the *Carmack* case on October 26, without further comment by this court upon the sufficiency of the appeal, and it is obvious that this court at that time still had no actual notice of the ruling in the *Davis* case, otherwise we would have been bound to have followed the *Davis* case in *Carmack* as we are now bound to follow it. Thus, the ruling in Division 1 of the *Carmack* case must yield to the ruling in the *Davis* case.

*Appeal dismissed. Jordan, Eberhardt, Pannell, and Deen, JJ., concur. Felton, C. J., Bell, P. J., Hall and Quillian, JJ., dissent.*

SUBMITTED OCTOBER 4, 1966—DECIDED JANUARY 26, 1967— REHEARING DENIED MARCH 6, 1967—CERT. APPLIED FOR.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*Edward D. Wheeler, Herbert Johnson, King & Spalding,* for appellees.

ON MOTION FOR REHEARING.

In a motion for rehearing counsel for the appellant contends that in rendering the foregoing opinion and judgment this court overlooked the fact as shown by the record that on May 3, 1966, within 30 days from the date the notice of appeal was filed, counsel for appellant presented to the judge who presided in the case a proposed order extending the time for filing the transcript, which the judge, by an order rendered on the 4th day of May, declined to sign for reasons which it is not necessary to set forth here. This court did not overlook this fact. Conceding, for the purpose of this opinion, that the presentation of a prepared order for the judge's signature amounted to an application for an extension of time under the Appellate Practice Act, in the view which we took of the case it was not material to the decision. Counsel for appellant contends that upon receipt of notice of the entry of the above mentioned order they promptly made a motion for a reconsideration of the order of May 4, and that on May 12, 1966, the court entered an order granting an extension of time for the filing of the transcript for a period of 90 days.

The written motion, upon which the last order above referred to was entered, was filed with the clerk on May 6, 1966, and after referring to the previous application and the entry of the order denying it, reads: "Now comes appellant, E. S. Elliott, and moves the court to grant the extension of time for the filing of such transcript under the discretionary power of the court, . . ." This cannot be construed as a renewal of, re-insistence upon, or application for reconsideration of, the previous application, but clearly constituted a distinct and new application to the court. It was not, however, as pointed out in the foregoing opinion, presented to the court within the time required by law. The Appellate Practice Act requires that "any application to any court, justice or judge for an extension [of time] must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." *Code Ann.* § 6-804. Even if filing such application with the clerk

in the judge's absence from the circuit, as was done in this case, would satisfy the foregoing requirement, it must be timely filed. But it was not timely filed in this case.

The view which we take of this matter may be succinctly summarized: Counsel timely presented an order providing for an extension of time which the judge refused to sign. Thereafter, counsel abandoned his original application and filed a new application, but too late. If he wished to rely upon his original application and assert his right to have the judge grant an extension of time under the mandatory provisions contained in the last sentence of *Code Ann.* § 6-806, he had his remedy by way of mandamus, by which he could have secured a judicial review of the judge's ruling that the mandatory requirements of that law are unconstitutional. He did not pursue that remedy, but abandoned his timely application, and now seeks to travel on an untimely one. This court has no discretion but to declare the law as applicable to his case and dismiss it.

*Motion for rehearing denied.*

FELTON, Chief Judge, dissenting. Article VI, Section II, Paragraph V of the Constitution of the State of Georgia of 1945, (*Code Ann.* § 2-3705) provides in part: "No writ of error shall be dismissed because of delay in transmission of the bill of exceptions and the copy of the record, or either of them, resulting from the default of the clerk *or other cause,* unless it shall appear that the plaintiff in error or his counsel caused such delay." (Emphasis supplied.)

On May 3, 1966, the following order (in blank as to date and signature of the trial judge) was presented to the trial judge for his signature. "Order—It appearing that the court reporter will be unable to prepare the record specified in the notice of appeal of appellant, E. S. Elliott, in the foregoing case within thirty (30) days after filing the notice of appeal, upon application of appellant, E. S. Elliott, time for the filing of the transcript as designated in the notice of appeal is hereby extended for an additional thirty (30) days and until the 8th day of June 1966." On May 4, 1966, the judge passed the following order: "The foregoing document was presented to me on May 3, 1966, by Mr. Clyde Dekle, of counsel for appellant, E. S.

Elliott, with request that the order therein set forth be entered granting extension of time as therein stated. I decline to enter said order or to grant any extension for each of the following reasons, to wit: *First.* Because of the question of jurisdiction in this case as set forth in Order Number Twenty-One, dated April 15, 1966, filed in the office of the clerk of this court under date of April 15, 1966, the several recitals of fact in which order are hereby made a part hereof as fully as if set forth herein. *Second.* In my opinion the following portion of the Act approved February 19, 1965, *Georgia Laws* 1965, pages 18 through 40, is in derogation of the Constitution as undertaking by Act of the General Assembly the exercise of judicial powers in violation of Article I, Section I, Paragraph XXIII, particularly as said portion undertakes to command entry of judgment of the court without allowing discretion, which question in my opinion is determined by the decision of the Supreme Court in *Northside Manor, Inc. versus Vann,* 219 Georgia 298, to wit: In all cases, it shall be the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript of the evidence and proceedings. Attention is respectfully called to Section 6 of the aforesaid Act approved February 19, 1965, providing that extensions of time for the filing of transcripts of evidence on the appeal may be granted by any justice or judge of the appellate court to which the appeal is to be taken in the discretion of such justice or judge." On May 6, 1966, the following motion was filed in the office of the clerk of the court: "Appellant, E. S. Elliott, having on the 3rd day of May, 1966, presented to the Honorable Durwood Pye a proposed order extending the time for the filing of the transcript as designated in appellant's notice of appeal, and the court having entered its order declining to sign such order or to extend the time for the filing of such transcript on the ground that the Section 11 of the Rules of Civil Procedure in Georgia, incorporated in House Bill No. 167, Georgia Acts of 1965, effective August 1, 1965, are invalid and in violation of the Constitution of the State of Georgia. Now comes, Appellant, E. S. ELLIOTT, and moves the court to grant the extension of time for the filing of such transcript under the

discretionary power of the court, in particular as set forth in Section 6 of the Rules of Civil Procedure, and shows the court that the failure of the court to grant an extension of time denies to him a right of appeal with full presentation of the record in evidence upon which the judgment complained of has been rendered." On May 12, 1966, the judge passed the following order granting an extension of time: "In the above case, by order of May 4, 1966, the court declined to enter the requested order for extension of time, stating two reasons therefor. The first of these related to the question of jurisdiction, and the second to the court's opinion that the following provision of the Act approved February 19, 1965, is in derogation of the Constitution, as undertaking, by Act of the General Assembly, the exercise of judicial powers, to wit: In all cases, it shall be the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript of evidence and proceedings. The above order of May 4, 1966, was entered upon request for the extension applied for, as matter of right, applicant not invoking any question of discretion. On May 10, 1966, counsel for E. S. Elliott presented to the court a motion in reference to an extension of time, invoking the discretion of the court, under Section 6 of the aforesaid Act approved February 19, 1965, Georgia Laws, 1965, Pages 18 through 40. This question of discretion, as stated, was not presented by the previous application, but is now presented. It is to be noted that the matter of discretion under Section 6 of said Act is entirely different from the matter of extension by right under the above quoted portion of said Act, which the court believes to be unconstitutional. The question of discretion being presented, the court has inquired of the reporter as to the status of the transcript, and the reporter has, by letter dated May 10, 1966, advised the court in respect thereof, this letter being attached hereto and made a part hereof. If the court has jurisdiction in this case, the court is of the opinion that it should exercise discretion in favor of the granting of a reasonable extension. In this posture, the court is of the opinion that the proper thing to do is to grant the extension requested, without undertaking to pass upon the question of

jurisdiction, as it may be that further light will be thrown on that question later. It is, therefore, ordered by the court that an extension of time for filing of the aforesaid transcript be granted for a period of ninety days from the date of this order, the court proceeding in the entry of this order without passing on any question of jurisdiction, or lack of jurisdiction, arising from the Chief Judge Act, the rules enacted pursuant thereto, and the recent decision of the Supreme Court in that regard." The letter of the court reporter referred to by the judge in the above order is as follows: "Dear Judge Pye: This report is in reference to the case of The Housing Authority of the City of Atlanta, Georgia versus 84.814 Acres of Land and Camps, Incorporated, et al., Case Number A-821-91, Fulton Superior Court, tried before you, and which has been appealed on a portion of the record. Due to a very lengthy record ordered in another case, which order was received prior to the order in this particular case, I have been unable to begin transcription. My present estimate is to finish the case I am now working on by the end of May, at which time I will begin transcription of the record ordered by Mr. Hatcher. I feel confident his transcript can be prepared in from one to two weeks, once begun. Respectfully submitted, /s/ Richard M. Bumpus, Court Reporter."

In their motion for a rehearing counsel for appellant state the following: ". . . (a) Attorneys for appellant certify that when the request was presented to the Honorable Durwood Pye on the 3rd day of May 1966, the judge took the request under consideration and stated that he would act thereon, the order of May 4, 1966 was first received by attorney for appellant on the 6th day of May 1966 and attorney for appellant had no knowledge of such order until such time. 2. On the 6th day of May, 1966, appellant filed in the office of the Clerk of the Superior Court of Fulton County his motion for a reconsideration of the order declining to grant the request (R358), the Honorable Durwood Pye not being available for personal presentation at that time. 3. On the 10th day of May 1966 the motion for reconsideration was personally presented to the Honorable Durwood Pye and the court then entered its order

on May 12, 1966, granting an extension of time for the filing of the transcript for a period of ninety (90) days. 2. The court, in holding 'That the application for an extension here was not made in the time originally provided by law for the filing of the transcript' has erroneously construed and overlooked that portion of Section 6 of the Appellate Practice Act of 1965 (Ga. Laws 1965, pp. 18, 21-22) wherein that Section provides—'Any application to any court, justice or judge for an extension *must be made* before expiration of the period for filing as originally prescribed or as extended by a permissible, previous order.' (a) In so erroneously construing the section, the court overlooked the fact that the application was, in fact, *made* before the expiration of the period for filing, counsel was neither negligent, nor dilatory. Counsel has acted promptly and with due diligence under the circumstances." I. am of the opinion that the mere fact that the judge refused to sign an order granting an extension within thirty days from the filing of the appeal for the reason that he was *not compelled by law to do so* but that he could only be required to exercise his discretion in deciding whether to grant an extension or not should not be a ground for dismissing the appeal in this case. An application for an extension in such cases is simply an application for an extension and even if an attorney contends that he is entitled to an order granting an extension on an incorrect theory, if he is entitled to one in the judge's discretion he is entitled to it whether the judge grants it under the proper theory within thirty days from the date of the filing of the appeal or not. The application here was made within the 30 days and the fact that the judge granted the extension on the second application, filed in the clerk's office on the 31st day, shows that he intended to act on the original application because he well knew that if he treated the written application as separate and distinct from the first he would not be complying with the law requiring the application to be filed within 30 days. Moreover, the judge could have granted the time for extension properly and legally upon the initial application. The fact that he granted the second, separately and late proves to

me that he thought he could have granted the time upon the first application.

The certification of the counsel for appellants in their motion for a rehearing shows that the delay in moving for an extension and the delay in obtaining the transcript within 30 days from the filing of the appeal was not due to appellant's negligence, fault, laches or misconduct. If I am correct in holding that the delay in obtaining the transcript in due time was not due to the fault of the appellant the above cited provision of the Constitution forbids the dismissal of the appeal by this court.

In *Davis v. Davis,* 222 Ga. 579, supra, cited by the majority, there was no application for an extension of time filed within 30 days from the date of the filing of the appeal. In that case the Supreme Court held that failure to apply for an extension in time amounted to laches. There was, in my opinion, no laches on the part of counsel or appellant in this case.

I am authorized to state that Presiding Judge Bell and Judges Hall and Quillian concur in this dissent.